**FRANKLIN TOWNSHIP MUNICIPAL SANITARY AUTHORITY,**
Petitioner,

v.

**PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION,**
Respondent.

Commonwealth Court of Pennsylvania.

Argued Nov. 5, 1997.

Decided Jan. 28, 1998.

Christ C. Walthour, Jr., Greensburg, for petitioner.

Charney Regenstein, Pittsburgh, for respondent.

Before COLINS, President Judge, FRIEDMAN, J., and RODGERS, Senior Judge.

COLINS, President Judge.

Before this Court is the appeal of Franklin Township Municipal Sanitary Authority (Authority) from the decision of the Environmental Hearing Board (EHB) affirming the decision of the Department of Environmental Protection (DEP), which denied in part Authority's application for funding under Act 339.[1] We affirm.

On September 23, 1988, Authority entered into a consent order and agreement with DEP, whereby Authority agreed to upgrade its sewage treatment facilities in order to achieve national effluent limitations standards. As part of its upgrade plan, Authority needed to encroach on wetland adjacent to its existing sewage treatment facility. Both Commonwealth and federal law required Authority to mitigate the loss of wetland by constructing new wetland in a substitute area. Authority complied with its obligation by constructing wetland at a site approximately one and one-half to two miles upstream from its plant.

Authority then submitted to DEP an application for Act 339 subsidies for its completed upgrading plan. This application included a request to subsidize the cost of constructing the substitute wetland. While DEP approved Authority's requests for subsidies concerning the upgrading of the sewage plant (most notably, the cost to fill the original wetland), it denied the Authority's requests related to the wetland mitigation project, even though the wetland mitigation project was part of the upgrading plan. DEP premised its decision on its finding that the wetland mitigation expenses did not reflect construction costs directly related to the sewage treatment process as required by Act

---

1. Act of August 20, 1953, P.L. 1217, *as amended,* 35 P.S. §§ 701–703. Through the enactment of Act 339, the Commonwealth agreed to subsidize the costs of upgrading sewage treatment facilities necessary to abate pollution. Act 339 and the corresponding regulations mandate payment by the Commonwealth of a 2% subsidy to municipalities for costs related to the altering, improving, or adding to, already existing sewage treatment plants. *See generally* 35 P.S. § 701.

339. EHB affirmed DEP's determination, and Authority now appeals to this Court.

When reviewing decisions of EHB, our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are not supported by substantial evidence. *Al Hamilton Contracting Co. v. Department of Environmental Protection*, 680 A.2d 1209 (Pa.Cmwlth.1996). Additionally, this Court is cognizant of our obligation to proceed in our examination of EHB's decision with deference to DEP's interpretation of its own regulations, unless, of course, there is a clear error. *Concerned Residents of the Yough, Inc. v. Department of Environmental Resources*, 543 Pa. 241, 246, 670 A.2d 1120, 1122 (1995) (citing *Mathies Coal Co. v. Department of Environmental Resources*, 522 Pa. 7, 18, 559 A.2d 506, 512 (1989)).

The sole issue on appeal is whether the mitigation project is entitled to Act 339 subsidies. DEP contends that the mitigation costs did not fall under the statutory and regulatory definition of construction costs covered by Act 339. On appeal to this Court, Authority argues that the wetland mitigation project was such a vital part of the overall construction plan that it should be eligible for Act 339 funding. Although we agree that Authority's wetland mitigation project was a critical part of its overall upgrading plan, and although Authority appears to have complied with federal standards with due regard to the economic interest of the taxpayers of this Commonwealth, we must affirm EHB's decision.

The statute and regulatory scheme at issue here define eligibility for Act 339 subsidies in terms of the relationship between the construction project sought to be subsidized and the sewage treatment facility that is added to, altered, or improved. EHB premised its decision on the strict reading of the applicable provisions espoused by DEP, with specific emphasis on the definitions of the terms "construction" [2] and "sewage treatment plant." [3] Under this reading, "construction" projects entitled to the subsidy must be "essential to the sewage treatment plant system." 35 P.S. § 702; 25 Pa.Code § 103.21. Moreover, the definition of "sewage treatment plant" is limited to the "devices and structures for treatment and disposal of sewage." 25 Pa.Code § 103.21. In sum, to qualify for Act 339 subsidies under DEP's reading of the statute and regulations there must be a direct nexus between the construction project and the actual devices and structures used in the treatment and disposal of sewage.

There is no doubt that Authority's mitigation project was the by-product of its efforts to upgrade its sewage facility. In fact, DEP granted the Act 339 subsidies with regard to the upgrading efforts specifically involving the sewage facility, including the filling of the old wetland. Nevertheless, since the wetland mitigation project was accomplished approximately one and one-half to two miles from Authority's sewage treatment plant, and since the project was unrelated to the actual treatment of sewage, the direct nexus between the mitigation project and the upgrading of the sewage facility necessary under DEP's interpretation of the provisions is absent.

We would be remiss if we did not comment on what we perceive is the illogical and un-

---

**2.** Section 702 of Act 339 states, in pertinent part:

Within the meaning of this act, the word "construction" shall include ... the altering, improving or adding to of existing treatment works, pumping stations and intercepting sewers *which are essential to the sewage treatment plant system.*

35 P.S. § 702 (emphasis added). The definition section of the regulations defines "construction" using terminology identical to that used in Section 702, 25 Pa.Code § 103.21.

**3.** The terms "sewage treatment works," "sewage treatment plant," and "sewage treatment facili-

ties" are used interchangeably in the regulations. The definition reads:

*An arrangement of devices and structures for treatment and disposal of sewage,* all or part of which is required, or authorized, by a water quality management sewage permit issued under The Clean Streams Law. The term includes treatment and disposal devices and structures located inside the fence surrounding the treatment work site, outfalls to the receiving stream and their appurtenances, and liquid waste disposal equipment and facilities.

25 Pa.Code § 103.21 (emphasis added).

fair nature of the statute and regulatory scheme in the present case. Authority chose to comply with federal standards by upgrading its existing plant, as opposed to building an entirely new plant. Surely, Authority realized that this would conserve the financial resources of the citizens of both Franklin Township and of the Commonwealth as a whole. As a result of its discretion, Authority was denied part of its subsidy request. Ironically, had Authority built an entirely new sewage treatment plant, the entire project would have been subsidized. Nevertheless, while the logic of encouraging municipal sanitary authorities to spend more in order to receive Act 339 subsidies escapes this Court, DEP's reading of the statute and regulatory scheme is not clearly erroneous.

Accordingly, we must affirm EHB's decision despite the prudence exhibited by Authority here in its efforts to implement the most cost-efficient plan to comply with the national standards.

### ORDER

AND NOW, this 28th day of January, 1998, the order of the Environmental Hearing Board in the above-captioned matter is affirmed.