**BUREAU OF WORKERS' COMPENSATION, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BETHLEHEM STEEL CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 23, 1998.

Decided Nov. 20, 1998.

Publication Ordered Jan. 28, 1999.

Thomas J. Kuzma and Kathryn J. McDermott, Harrisburg, for petitioner.

Ralph J. Trofino, Johnstown, for respondent.

Before McGINLEY, J., PELLEGRINI, J., and LORD, Senior Judge.

PELLEGRINI, Judge.

The Bureau of Workers' Compensation (Bureau) petitions for review of an order of the Workers' Compensation Appeal Board (Board) reversing a decision of the Workers' Compensation Judge (WCJ) and granting Bethlehem Steel Corporation's (Employer) request for reimbursement from the Supersedeas Fund (Fund) under Section 443 of the Workers' Compensation Act (Act).[1]

On April 12, 1991, Leonard Wiencek (Claimant) suffered a work-related injury to his neck and began receiving workers' compensation benefits pursuant to a notice of compensation payable. On September 16, 1992, Employer filed a termination petition alleging that Claimant's work injury had resolved as of August 14, 1992. Accompanying Employer's termination petition was a request for supersedeas which was denied by the WCJ. While the termination petition was pending, however, Claimant and Employer executed a supplemental agreement stating that Claimant's injury had recurred as of May 27, 1993, and that Employer agreed to pay Claimant at a partial disability rate of $30.00 a week for 500 weeks. To effectuate this agreement, Claimant filed a petition to have his partial disability benefits commuted, which was granted by the WCJ on August 4, 1993. The parties submitted to the WCJ stipulated findings of fact and conclusions of law, along with a proposed order stating that based upon the opinion of Employer's medical expert, Claimant's work injury had resolved as of August 14, 1992. Based on these stipulated findings of fact and conclusions of law, the WCJ granted Employer's termination on August 13, 1993.

Employer then filed an application for reimbursement from the Fund[2] for the period it paid Claimant compensation, contending that the WCJ's granting of its termination petition was a determination that compensation was not payable for a period in which a supersedeas had been requested. The Bureau, as conservator of the Fund, opposed reimbursement contending that a termination of benefits that was based on a stipulation of facts between the parties was not a final determination that compensation was not payable. Agreeing with the Bureau, the WCJ denied Employer's request, but on appeal, the Board reversed. It held that reimbursement could be sought from the Fund, even though the WCJ's decision to terminate benefits was based on a stipulation of facts entered into by the parties; nonetheless, it

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 999. Section 443 provides in pertinent part:

> If, in any case which a supersedeas had been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed....

Section 413 of the Act, 77 P.S. §774, provides the employer with a procedure for requesting a supersedeas and a ruling on that request. Section 430 of the Act, 77 P.S. §971, provides that an employer who ceases payment without being granted a supersedeas may be liable for penalties under the Act.

**2.** In its petition, the period Employer sought reimbursement for was from September 17, 1992 through June 14, 1994, but now admits that the period for which it seeks reimbursement from the Fund should only be from September 17, 1992 to May 27, 1993, the date on which it agreed that Claimant suffered a recurrence of his work-related injury.

was a determination that compensation was not, in fact, payable. The Bureau then took this appeal.[3]

The Bureau contends that the Board erred in finding that Employer could seek reimbursement from the Fund because it could only be sought when compensation had been determined to be not payable in an adversarial proceeding, and a WCJ's termination of benefits did not meet that standard. Recognizing that we recently held in *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Old Republic Insurance Company)*, 685 A.2d 224 (Pa. Cmwlth.1996) (*Old Republic I*) and in *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Old Republic Insurance Company)*, 689 A.2d 372 (Pa.Cmwlth.1997) (*Old Republic II*), that a supplemental agreement and a stipulation of facts, respectively, were not adversarial transactions for which reimbursement from the Fund was warranted, Employer argues that these cases are distinguishable from the present one because in those cases, the WCJ never entered an order granting Employer's termination petition. Employer also contends that the Bureau's position would have merit if the decision to terminate was not supported by substantial evidence, but contends that the stipulation of facts and subsequent decision to terminate were supported by the testimony of its medical expert.

However, in *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Insurance Company of North America)*, 101 Pa.Cmwlth. 552, 516 A.2d 1318 (1986), a case we relied upon heavily in *Old Republic I*, we held that there had to be an adversarial proceeding determining that compensation was not payable to be able to seek reimbursement and that was so regardless of whether the WCJ (then referee) entered a decision that compensation was not payable. In holding that the insurer was not entitled to reimbursement from the Fund even though the referee had granted a suspension based on an agreement between the parties, we stated:

Very simply, as we read [Section 443], the requirement that it be "determined that [the] compensation was not, in fact, payable" does not authorize invasion of the Fund by agreement of the parties excluding the Fund, ... We are supported in this view, we think, by the clear imposition of responsibility upon the Department of the Fund's management and conservation with the provision in Section 443(b) the "[t]he department shall be charged with the maintenance and conservation of this fund." Obviously, the Fund cannot meet the legislatively imposed responsibility if it must pay out on claims based upon agreements to which it is not a party and clearly such an agreement can have no res judicata effect simply because it forms the basis for a referee's approval in the form of the decision. We conclude that the very least the Department as conservator of the Fund is entitled as the basis for reimbursement to have an arms length or adversary type determination, rather than agreement, *with or without a referee's approval,* on which the Insurer bases its claim that 'compensation was not, in fact, payable.'

*Id.* at 1322 (emphasis added) (citations omitted); *see also Old Republic I* at 225.

In this case, there was no adversarial proceeding leading up to the WCJ's termination decision, just a stipulation of facts that preordained the outcome. Even though Employer suggests that its doctor's opinion that Claimant had fully recovered was at the basis of the stipulation and supports the WCJ's termination, that does not convert a non-adversarial proceeding into an adversarial one.

Accordingly, the order of the Board is reversed.

### *ORDER*

AND NOW, this 20th day of November, 1998, the order of the Workers' Compensa-

---

**3.** This Court's scope of review is limited to determining whether constitutional rights were violated, errors of law were made, or findings of fact were not supported by substantial evidence. *St.*

*Margaret Memorial Hospital v. Workmen's Compensation Appeal Board (Kusenko),* 152 Pa. Cmwlth. 631, 620 A.2d 586 (1993).

tion Appeal Board at No. A97–1252, dated June 22, 1998, is reversed.