**GALLAGHER BASSETT SERVICES,
Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BUREAU OF WORKERS' COMPENSATION), Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 13, 2000.

Decided June 23, 2000.

Reargument Denied Aug. 24, 2000.

Sharon J. McGrail–Szabo, Allentown, for petitioner.

Shelley M. Jones, Harrisburg, for respondent.

Before SMITH, Judge, KELLEY, Judge, and McCLOSKEY, Senior Judge.

SMITH, Judge.

Gallagher Bassett Services (Gallagher) appeals from an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of Workers' Compensation Judge Thomas J. Hines (WCJ Hines) denying Gallagher's request for reimbursement from the Supersedeas Fund. The question presented is whether the Board erred, under the circumstances of this case, in affirming WCJ Hines' decision in which he concluded that there was no final outcome in the underlying termination proceedings in which Workers' Compensation Judge Joseph B. Sebastianelli (WCJ Sebastianelli) determined that compensation was not in fact payable to the claimant. WCJ Sebastianelli's decision to grant a termination of compensation was based upon a stipulation between the parties that Claimant Thomas Barker had fully recovered from his work injury and that benefits were terminable as of a certain date.

I

Barker suffered a herniated nucleus pulposus and lumbar myeopathy in the course of his employment with Air Products and Chemicals, Inc. (Employer) on March 16, 1993. Barker was granted workers' compensation benefits pursuant to a decision circulated by WCJ Sebastianelli on December 14, 1994. On February

28, 1997, Employer filed a termination petition through Gallagher, its workers' compensation insurer, alleging that Barker was fully recovered from his work injury. The termination petition also requested supersedeas. At an April 25, 1997 hearing before WCJ Sebastianelli, Barker's counsel stated that his client did not oppose the termination petition.

WCJ Sebastianelli gave the parties 30 days to submit a stipulation, and he stated that he would issue an order granting the supersedeas as of that day. The WCJ also accepted evidence from Gallagher, including the medical report of Dr. Eugene DiSalvo, which was entered into the record without opposition. Thereafter the parties executed a stipulation of facts indicating that Barker had fully recovered. Despite WCJ Sebastianelli's statement at the April 1997 hearing that he would grant supersedeas as of that date, no written order granting supersedeas was issued. Accordingly, Gallagher's supersedeas request was deemed denied from the date it was filed by operation of 34 Pa.Code § 131.43.[1] On July 3, 1997, WCJ Sebastianelli circulated a decision which adopted the parties' stipulation and terminated Barker's benefits as of February 5, 1997 based upon the stipulation.

On August 6, 1997, Gallagher filed a Supersedeas Fund reimbursement application seeking $6,840.00 for overpayment of compensation through July 3, 1997. The Department of Labor and Industry, Bureau of Workers' Compensation (Bureau) filed an answer to the application denying Gallagher's entitlement to reimbursement because the termination petition was resolved by a stipulation of facts instead of

by an arm's-length determination. WCJ Hines issued a decision on August 7, 1998 denying Gallagher's application because there was no final outcome in which it was determined that compensation was not, in fact, payable. The Board affirmed the decision of WCJ Hines on the grounds that the termination proceeding was not an arm's-length determination. The Board believed that it was compelled to reach that result by controlling case precedent, but in doing so the Board stated that it found the result insulting to the ideal of judicial economy.[2]

## II

■ A party seeking reimbursement from the Supersedeas Fund must establish the following five criteria:

1. A supersedeas must have been requested;

2. The request for supersedeas must have been denied;

3. The request must have been made in a proceeding under Section 413 of the [Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 771–774.1.3.]

4. Payments were continued because of the order denying supersedeas; and

5. In the final outcome of the proceedings 'it is determined that such compensation was not, in fact, payable.'

*Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Insurance Company of North America),* 101 Pa.Cmwlth. 552, 555, 516 A.2d 1318, 1320 (1986); Section 443(a) of the Act, 77 P.S. § 999(a).[3] The issue in this case is

---

1. Section 131.43 provides:

    The referee hearing the request for supersedeas shall, within 14 days of the hearing, issue a written decision on the request for supersedeas, if granted. Unless a supersedeas is granted by written order, it will be deemed denied from the date of filing of the request.

2. This Court's review of the Board's decision is limited to determining whether necessary

findings of fact are supported by substantial evidence on the record as a whole, whether an error of law was committed or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

3. Section 443(a) provides in relevant part:

    If, in any case in which a supersedeas has been requested and denied under the provi-

whether Gallagher has satisfied the fifth criterion.

The Bureau argues that WCJ Sebastianelli's July 3, 1997 decision granting Employer's termination petition was not a final outcome of the proceedings because the WCJ adopted the parties' stipulation as the basis for terminating benefits. As support for its position, the Bureau relies upon this Court's decisions in *Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Bethlehem Steel Corp.)*, 723 A.2d 1061 (Pa.Cmwlth.1998), *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Old Republic Insurance Company)*, 689 A.2d 372 (Pa.Cmwlth.1997) (*Old Republic II*), and *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Old Republic Insurance Company)*, 685 A.2d 224 (Pa.Cmwlth.1996) (*Old Republic I*).

The cases cited by the Bureau applied the Court's most oft-cited decision in this area of workers' compensation law: *Insurance Company of North America*. However, that decision does not support the proposition that an insurer may never recover reimbursement from the Supersedeas Fund when the final outcome of predicate proceedings results in a WCJ's decision based upon a stipulation or an agreement between the parties. The insurer in *Insurance Company of North America* filed a December 29, 1981 petition to suspend the claimant's benefits as of December 7, 1981. In April 1983 the claimant's counsel directed a letter to the referee stating that the claimant agreed to a finding in favor of the insurer as of the date of a hearing scheduled for that month. The sole evidence presented at the hearing was a statement from the claimant's treating physician indicating that the claimant was able to return to work as of February 21, 1983. Neverthe-

less, the referee entered an order granting suspension as of December 7, 1981. The Board thereafter granted the insurer Supersedeas Fund reimbursement for payments made since December 29, 1981.

The Court first determined in *Insurance Company of North America* that the Bureau could challenge the validity of the referee's order because the outcome of the suspension proceedings had been reached through an agreement of parties other than the Bureau with no opportunity for the Bureau to participate or to be heard. The Court next considered the referee's order in the suspension proceedings and concluded that there was no support in the record for suspending the claimant's benefits from December 7, 1981. The sole evidence in the record supporting suspension was the statement from the claimant's physician indicating that she could return to work as of February 21, 1983. Because this evidence supported a "true underlying decision on which the claim against the Fund could properly be predicated," *id.*, 516 A.2d at 1323, the Court accordingly modified the Board's award and allowed reimbursement from the Supersedeas Fund, but only for payments made after February 21, 1983.

■ Thus the Court allowed the insurer to recover reimbursement in *Insurance Company of North America* to the extent that the evidence of record supported a true underlying decision on which the claim could be predicated. Moreover, that result is dictated by common sense and sound public policy. The law favors the settlement of disputes, *Truck Terminal Motels of America, Inc. v. Berks County Board of Assessment Appeals*, 127 Pa. Cmwlth. 408, 561 A.2d 1305 (1989), and there exists a strong public policy to minimize needless litigation, *Darien Capital Management, Inc. v. Public School Employes' Retirement System*, 549 Pa. 1, 700

sions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such

compensation was *not*, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. ....

A.2d 395 (1997). A rule of law that bars recovery from the Supersedeas Fund whenever workers' compensation proceedings are resolved by a stipulation of parties would require insurers either to forfeit reimbursement or to needlessly litigate cases where the claimant concedes the merits of the underlying termination petition.

■ The Court has explained that *Insurance Company of North America* merely carved out an exception to the general rule that in reimbursement proceedings the Bureau may not collaterally attack the predicate decision that compensation was not, in fact, payable. *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Liberty Mutual Insurance Co.)*, 113 Pa.Cmwlth. 607, 538 A.2d 587 (1988). A WCJ's decision that is based entirely upon a stipulation or upon an agreement of the parties and which is not supported by evidence in the record does not constitute a final outcome in an adversarial proceeding that can support reimbursement from the Supersedeas Fund. *Bethlehem Steel*; *Old Republic II*; *Old Republic I*. In this event, the Bureau may attack such a decision on grounds that it is not supported by evidence in the record. *Liberty Mutual Insurance Co.*

The Board states in its opinion that the Court ruled in *Bethlehem Steel* that *"despite an employer's evidence of a doctor's opinion that claimant was fully recovered,* providing a basis of the stipulation of the parties and supporting the WCJ's termination, this evidence does not convert a non-adversarial proceeding into an adversarial one." Board's opinion, p. 5. To the contrary, the parties in *Bethlehem Steel* "submitted to the WCJ stipulated findings of fact and conclusions of law, along with a proposed order stating that based upon the opinion of Employer's medical expert, Claimant's work injury had resolved...."

*Bethlehem Steel*, 723 A.2d at 1062. There is no indication that the opinion of the employer's medical expert was entered into evidence before the WCJ, made a part of the record or otherwise considered by the WCJ independently of the parties' stipulation. The Court clearly followed in *Bethlehem Steel* the rule of law announced in *Insurance Company of North America*, but because the evidence of record did not support a true underlying decision on which the insurer's claim could be predicated, *Bethlehem Steel* reached a contrary result based upon the facts in that case.

■ The certified record in this case contains the expert medical testimony of Dr. DiSalvo. However, because the Board misapplied this Court's decision in *Bethlehem Steel*, the Board never reached the issue of whether the evidence of record supported the termination of Barker's benefits. *See Insurance Company of North America*. Accordingly, the decision of the Board is vacated, and this matter is remanded to the Board for a determination of whether the record supports the termination of Barker's benefits independently of the parties' stipulation. If it does, the Board shall enter an award of reimbursement to Gallagher for the overpayment of compensation to Barker.[4]

## O R D E R

AND NOW, this 23rd day of June, 2000, the order of the Workers' Compensation Appeal Board is hereby vacated, and this case is remanded to the Board consistent with the foregoing opinion.

Jurisdiction is relinquished.

---

4. The Bureau's request for an award of attorney's fees pursuant to Pa. R.A.P. 2744 is denied. Because the Court concludes that the Board erred, the Court cannot conclude that Gallagher's appeal was frivolous or taken solely for delay.