**KIMBERLY CLARK CORPORATION & Sentry Claims Service, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BUREAU OF WORKERS' COMPENSATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs, Sept. 22, 2000.

Decided Nov. 16, 2000.

Mary T. Uhlig, Philadelphia, for petitioners.

Shelly M. Jones, Harrisburg, for respondent.

Before COLINS, Judge, PELLEGRINI, Judge, McCLOSKEY, Senior Judge.

COLINS, Judge.

Kimberly Clark and Sentry Claims Service (collectively, Employer) petition for review of the order of the Workers' Compensation Appeal Board (Board) affirming a denial of their application for supersedeas fund reimbursement pursuant to Section 443(a) of the Workers' Compensation Act (Act).[1]

In December 1996, Kimberly Clark filed a petition to terminate claimant Richard Scarcelli's partial disability benefits.[2] Subsequently, Scarcelli filed a review petition alleging that his partial disability benefits should have been $493 per week retroactive to December 1994. In February 1997, a workers' compensation judge (judge) denied the Employer's supersedeas request filed in connection with its termination petition; in so doing, the judge also granted Scarcelli's review petition and ordered payment of the increased disability benefits retroactive to December 1994.

On appeal, the Board in August 1997 vacated the portion of the judge's order that retroactively increased Scarcelli's benefits, and remanded the matter to the judge for disposition of the termination and review petitions. In September 1997 the Employer filed an application for supersedeas fund reimbursement requesting reimbursement for the added benefits it paid to Scarcelli pursuant to the vacated order.

After remand, the judge disposed of the termination and review petitions by decision and order dated October 21, 1997. The judge adopted stipulated findings of facts and conclusions of law executed by the parties and dismissed the termination and review petitions with prejudice. As part of their stipulation, the parties agreed as follows:

2. The Claimant has executed a Supplemental Agreement evidencing an earning capacity that places him on partial disability at the compensation rate of $200/wk. for 500 weeks.

3. The Claimant seeks a commutation of his right to future compensation benefits as he desires the funds to make certain investments.

\* \* \* \* \*

7. The involved insurance carrier waives its right to take a statutory discount from the commuted sum.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 999(a), added by Section 3 of the Act of February 8, 1972, P.L. 25.

2. Scarcelli began receiving partial disability benefits of $189.25 per week pursuant to a supplemental agreement.

8. The Defendant does not object to the granting of said commutation.

\* \* \* \* \*

10. Defendant is entitled to a credit for all compensation paid after approval of this Commutation.

(Judge's decision dated October 21, 1997.) The Employer's application for supersedeas fund reimbursement was assigned to another judge, who denied the request. The judge concluded that the Employer failed to meet its burden of proving entitlement to reimbursement because there was no final determination that the compensation benefits were not payable. The Board affirmed.

On appeal[3] to Commonwealth Court, the Employer asserts that the judge erred as a matter of law in denying its request for supersedeas fund reimbursement. It argues that the judge failed to apprehend that the stipulation involved only Scarcelli's right to future compensation benefits, and not the overpayment. In fact, it argues, case law prohibited the parties from stipulating that the Employer was owed a credit or from seeking a credit from the claimant.

■ Section 443(a) of the Act provides, in pertinent part,

If, in any case in which a supersedeas has been requested and denied ... payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

77 P.S. § 999(a). Pursuant to this section, supersedeas fund reimbursement will be granted if 1) supersedeas was requested and denied, 2) benefits were paid to the claimant as a result of the denial, and 3) the proceedings lead to a determination that such benefits were not in fact payable.

*Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Insurance Company of North America )*, 101 Pa.Cmwlth. 552, 516 A.2d 1318 (1986).

In the present case, the Employer requested a supersedeas when it filed its termination petition. At the time the termination petition was filed, Scarcelli was collecting partial disability benefits under the terms of a supplemental agreement. Because of the judge's erroneous February 1997 order, the Employer was forced to pay Scarcelli essentially full disability benefits from December 1994 through half of August 1997, when the Board vacated the judge's order and remanded.

**Payment as a Result of Denial of Supersedeas**

■ Normally, a denial of supersedeas results in the employer continuing the claimant's current benefits. In the normal case, if it were subsequently determined that the claimant was not entitled to those benefits, the employer would be entitled to reimbursement from the supersedeas fund. In this case, however, the denial of supersedeas resulted in the Employer paying Scarcelli total disability benefits rather than continuing with the partial disability benefits. The Board vacated that portion of the judge's order that directed the Employer to pay the increased benefits because it in effect improperly granted Scarcelli's review petition. The procedural history in this case indicates that the increase in benefits the Employer paid to Scarcelli was paid not as a result of the denial of the supersedeas, but as a result of the judge's improperly granting Scarcelli's review petition in the same order. (Board decision and order dated August 13, 1997.)

**Determination that Benefits were not Payable**

Normally, when benefits have been paid as a result of a denial of supersedeas and

---

**3.** Our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether constitutional rights have been violated or errors of law have been committed. 2 Pa.C.S. § 704. *Department of Corrections v. Workers' Compensation Appeal Board (Bureau of Workers' Compensation),* 717 A.2d 635 (Pa.Cmwlth.1998).

proceedings lead to a determination that such benefits were not in fact payable, the employer is entitled to reimbursement from the supersedeas fund. On this point, the judge denied reimbursement because adversarial proceedings did not lead to a determination that the benefits were not payable. The Employer counters by arguing that the stipulation resolves only Scarcelli's right to future compensation benefits, and not the overpayment, and that parties are prohibited from stipulating that an employer is owed a credit.

Before the judge after the remand were the Employer's termination petition and Scarcelli's review petition, which alleged that he was entitled to partial disability benefits of $493 per week retroactive to December 1994. In disposition of both of those petitions, the parties agreed that Scarcelli would receive partial disability benefits for 500 weeks. We have repeatedly held that for reimbursement purposes, a supplemental agreement and stipulation of facts do not constitute adversarial proceedings. *Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Bethlehem Steel Corporation)*, 723 A.2d 1061 (Pa.Cmwlth. 1998) (cites previous cases).

Recently, in *Gallagher Bassett Services v. Workers' Compensation Appeal Board (Bureau of Workers' Compensation)*, 756 A.2d 702 (Pa.Cmwlth.2000), we clarified the application of Section 443(a) of the Act insofar as it requires a final determination that compensation was not payable. In that decision we re-emphasized that a judge's decision based entirely on a stipulation or on an agreement of the parties and not supported by evidence in the record does not constitute an adversarial proceeding that can support reimbursement. *Id.* at 706. Weighing common sense and public policy favoring settlement of disputes without litigation, we concluded that a rule of law that bars reimbursement whenever workers' compensation proceedings are resolved by a stipulation of parties would require insurers either to forfeit reimbursement or to needlessly litigate cases where the claimant concedes the merits of the underlying termination petition. *Id.* In light of those considerations, we concluded that the law permits reimbursement when it is supported by the record, considered independent of the parties' stipulation. In *Gallagher Bassett,* where the record contained expert medical testimony, we remanded to the Board for a determination of whether the evidence of record would support the termination of the claimant's benefits independent of the stipulation.

In the instant case, the judge's decision awarding Scarcelli partial disability benefits for 500 weeks was based entirely on the stipulation, and the record contains no evidence in support of either the termination petition or the review petition. As we stated in *Gallagher Bassett,* this does not constitute an adversarial proceeding that can support reimbursement. The judge disposed of both the termination petition and the review petition on the basis of the stipulation alone. In so doing, the judge decided the issue of Scarcelli's entitlement to the increased benefits beginning in December 1994, the very benefits the Employer paid him as a result of the judge's erroneous order and for which the Employer now seeks reimbursement.

In conclusion, the Employer is not entitled to reimbursement in this case because the increased benefits paid to Scarcelli did not result from the denial of its request for supersedeas, and even if it did, an agreement of the parties alone, and not adversarial proceedings, led to the judge's decision in disposition of the termination and review petitions. Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 16th day of November 2000, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.