**OPTIMAX, INC., Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (YACONO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 7, 2002.

Decided Sept. 17, 2002.

Victoria S. Maranzini, Philadelphia, for petitioner.

Thomas P. Howell, Harrisburg, for respondent.

Before: COLINS, President Judge, COHN, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge
MIRARCHI, Jr.

Optimax, Inc. (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the workers' compensation Judge (WCJ) denying its application for reimbursement of overpaid workers' compensation benefits from the Supersedeas Fund. We vacate and remand.

The record reveals the following relevant facts. Katherine Yacono (Claimant) sustained an injury on November 13, 1990 in the course of her employment with Employer and began receiving workers' compensation benefits pursuant to a notice of compensation payable. Claimant's benefits were subsequently suspended upon her return to work and later reinstated when she was laid off.

On May 3, 1993, Employer filed a petition to terminate Claimant's benefits and a petition to review her medical treatment, alleging that she had recovered from her work injury and could return to work without restrictions as of March 9, 1993 and that her medical treatment was unreasonable and unnecessary. After a hearing, the WCJ denied Employer's request for supersedeas pending the proceeding on its petitions. Thereafter in November 1994, Claimant and Employer entered into a Stipulation of Facts (Stipulation) agreeing, *inter alia*, that "[o]n March 9, 1993, the claimant was recovered from the compensable injury and therefore able to return to the workforce on a full-time, unrestricted basis" and that "[t]he captioned petition will be granted; thus, the defendant's liability for the payment of benefits under the Act will be terminated as of March 9, 1993." Paragraphs 5 and 14 of the Stipulation.

In a decision dated November 15, 1994, the WCJ then approved the Stipulation and granted the petition for termination, incorporating the Stipulation in its entirety as his own findings of facts. The petition to review Claimant's medical treatment was dismissed as moot. The WCJ's November 15, 1994 decision also listed the following exhibits submitted by the parties: the deposition testimony of Claimant, Claimant's treating physician, Harris Newman, D.O., and Employer's medical witness, B. Michael Kraynick, M.D.

On July 15, 1998, Employer, through its insurance carrier, filed the application for reimbursement from the Supersedeas Fund for overpayment of benefits in the amount of $32,389.81 as a result of the denial of the request for supersedeas, pursuant to Section 443(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 999(a), which provides in pertinent part:

> If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and *upon the*

*final outcome of the proceedings, it is determined that such compensation was not, in fact, payable,* the insurer who made such payments shall be reimbursed therefor. (Emphasis added.)

In support of the application, Employer submitted proof of the payment of benefits and the WCJ's November 15, 1994 decision granting the petition for termination.

The Department of Labor and Industry (Department), Bureau of Workers' Compensation (Bureau) filed an answer denying its obligation to reimburse Employer from the Supersedeas Fund. The Bureau asserted that Employer was not entitled to reimbursement because Claimant's benefits were terminated based on the parties' stipulation without a required determination under Section 443(a) of the Act that compensation was not, in fact, payable to her.

In a decision dated October 30, 2000, a newly assigned WCJ denied Employer's application for reimbursement, stating that Claimant's benefits were terminated based solely on the parties' stipulation without any independent evidence supporting the termination. On appeal, the Board affirmed the WCJ's decision. Employer's appeal to this Court followed.[1]

Under Section 443(a) of the Act, a party seeking reimbursement from the Supersedeas Fund must establish that (1) a request for supersedeas was made in a proceeding under Section 413 of the Act, 77 P.S. §§ 771–774.3; (2) the request was denied; (3) payment of compensation continued due to the denial of supersedeas; and (4) it is determined later in the final outcome of the proceeding that compensation was not, in fact, payable. It is undisputed that Employer's application for reimbursement met the first three criteria. The only issue to be resolved on appeal is whether the WCJ's underlying decision approving the parties' stipulation and terminating Claimant's benefits constitutes a determination that compensation was not, in fact, payable.

■ The Legislature created the Supersedeas Fund to protect insurers which have paid compensation to claimants who are ultimately determined not to be entitled to the compensation, in light of the impracticability of recoupment of paid benefits from the claimants and the benevolent purposes of the Act. *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Allstate Ins. Co.),* 96 Pa.Cmwlth. 566, 508 A.2d 388 (1986), *appeal denied,* 514 Pa. 632, 522 A.2d 560 (1987). The Department, however, cannot meet its responsibility of maintaining and conserving the Supersedeas Fund, if it must pay out on all claims based on agreements to which it is not a party. *Bureau of Worker's Compensation v. Workmen's Compensation Appeal Board (Ins. Co. of North America),* 101 Pa.Cmwlth. 552, 516 A.2d 1318 (1986).

Consequently, this Court has interpreted the phrase in Section 443(a), "upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable," as "an arms length or adversary type determination, rather than agreement with or without a [WCJ's] approval, on which the Insurer bases its claim...." *Id.* at 1322. *See also Department of Labor & Industry, Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Old Republic Ins. Co.),* 685 A.2d 224 (Pa.Cmwlth.

---

1. This Court's scope of review is limited to determining whether the WCJ's necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).

1996) (the supplemental agreement, stipulating that the claimant's injury had resolved itself into a partial disability, was not an arms length or adversarial type determination that could be considered a determination that compensation was not, in fact, payable).

The facts in this matter are more similar to those in our more recent decision in *Gallagher Bassett Services v. Workers' Compensation Appeal Board (Bureau of Workers' Compensation)*, 756 A.2d 702 (Pa.Cmwlth.2000), *appeal denied*, 565 Pa. 653, 771 A.2d 1289 (2001), which further clarified the requirement under Section 443(a) that there must be a determination that compensation was not, in fact, payable.

In *Gallagher*, unlike the previous decisions, the report of the employer's medical expert was entered into the record in the underlying termination proceeding without opposition. The parties thereafter executed a stipulation of facts, agreeing that the claimant had fully recovered from the work injury. Adopting the parties' stipulation, the WCJ then terminated the claimant's benefits. In the subsequent proceeding on the employer's request for reimbursement from the Supersedeas Fund, the Bureau argued, as in this matter, that the WCJ's decision to terminate the claimant's benefits could not be considered a determination that compensation was not, in fact, payable because it was based on the parties' stipulation.

This Court in *Gallagher* first summarized the holdings in the previous cases as follows:

> A WCJ's decision that is based entirely upon a stipulation or upon an agreement of the parties and which is not supported by evidence in the record does not constitute a final outcome in an adversarial proceeding that can support reimbursement from the Supersedeas Fund. . . .

In this event, the Bureau may attack such a decision on ground that it is not supported by evidence in the record.

*Id.* at 706 (citations omitted). The Court then considered a strong public policy of minimizing needless litigation and favoring settlement of disputes. "A rule of law that bars recovery from the Supersedeas Fund whenever workers' compensation proceedings are resolved by a stipulation of parties would require insurers either to forfeit reimbursement or to needlessly litigate cases where the claimant concedes the merits of the underlying termination petition." *Id.*

The Court in *Gallagher* also distinguished *Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Bethlehem Steel Corp.)*, 723 A.2d 1061 (Pa.Cmwlth.1998), which held that the parties' stipulation of facts submitted to the WCJ, agreeing that the claimant's work injury had resolved, did not convert the non-adversarial proceeding into an adversarial one, although the proposed order attached to the stipulation referred to the opinion of the employer's medical expert. As noted in *Gallagher*, however, in *Bethlehem Steel* there was "no indication that the opinion of the employer's medical expert was entered into evidence before the WCJ, made a part of the record or otherwise considered by the WCJ independently of the stipulation." *Gallagher*, 756 A.2d at 706. Concluding that the Board misapplied *Bethlehem Steel* and failed to determine whether the testimony of the employer's medical expert in the record supported the WCJ's termination of the claimant's benefits, independently of the parties' stipulation, this Court in *Gallagher* vacated the order of the Board affirming the WCJ's denial of the request for reimbursement and remanded for such determination.

In this matter, both the WCJ and the Board concluded, and the Bureau contends on appeal, that Employer's application for reimbursement should be denied under *Gallagher* because the WCJ's decision to terminate Claimant's benefits was based solely on the Stipulation submitted by the parties without any evidence supporting the termination. In support, they rely on the following statement made by the WCJ in the decision to deny the application for reimbursement: "Neither the Judge nor the parties cite any findings or conclusions based upon any evidence of record which support the termination of the Claimant's benefits, independent of the parties' stipulation." WCJ's October 30, 2000 Decision, Findings of Fact No. 3(b)(vi).

■ Under *Gallagher*, however, the only relevant inquiry in the reimbursement proceeding is whether any medical opinion entered *into evidence or made a part of the record or otherwise considered by the* WCJ *in the underlying proceeding* supports the termination of the claimant's benefits, independent of the parties' stipulation. We have never held that to be considered a determination that compensation was not, in fact, payable, the WCJ's underlying decision terminating the claimant's benefits must include specific findings or conclusions of law supporting the termination of the claimant's benefits, in addition to the facts stipulated by the parties and incorporated in the WCJ's decision.

■ In seeking reimbursement from the Supersedeas Fund, Employer in this matter attached to its application the WCJ's November 15, 1994 decision approving the Stipulation and terminating Claimant's benefits. The November 15, 1994 decision listed the deposition testimony of Claimant, her treating physician and Employer's medical witness, Dr. Kraynick, as the exhibits submitted by the parties. The record thus establishes, as in *Gallagher*, that the evidence which may support the termination of Claimant's benefits, independent of the Stipulation, was entered into and made a part of the record in the underlying proceeding.[2] Due to the misapplication of *Gallagher*, however, the WCJ failed to review Dr. Kraynick's testimony or other evidence presented by the parties in the previous termination proceeding to determine Employer's entitlement to the requested reimbursement.

Accordingly, we vacate the order of the Board and remand this matter to the Board for further remand to the WCJ to determine whether the record in the previous termination proceeding contains evidence supporting the termination of Claimant's benefits, independent of the parties' stipulation, and if so, to grant Employer's application for reimbursement from the Supersedeas Fund.

*ORDER*

AND NOW, this 17th day of September, 2002, the order of the Workers' Compensation Appeal Board (Board) in the above-captioned matter is vacated. This matter is remanded to the Board for further remand to the workers' compensation judge to determine whether the record in the previous termination proceeding contains any evidence supporting the decision to terminate benefits of Katherine Yacono, independent of the Stipulation of Facts submitted by the parties. If the record contains such evidence, the application of

2. Dr. Kraynick's deposition testimony submitted by Employer in the previous termination proceeding is not contained in the record certified to this Court in this proceeding.

Employer asserts that Dr. Kraynick testified during the deposition that Claimant had fully recovered from the work injury, which may support the termination of benefits.

Optimax, Inc. for reimbursement from the
Supersedeas Fund shall be granted.