COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR & INDUSTRY, BUREAU OF WORKERS' COMPENSATION, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (US FOOD SERVICE), Respondent.

Commonwealth Court of Pennsylvania.

Argued June 14, 2007.

Decided Aug. 22, 2007.

**310**

Eric G. Preputnick, Harrisburg, for petitioner.

Audrey J. Copeland, King of Prussia, for respondent.

BEFORE: PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge.

OPINION BY Judge COHN JUBELIRER.

The Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Workers' Compensation (Bureau) petitions for review of an order of the Workers' Compensation Appeal Board (Board), which affirmed a decision and order of a WCJ that granted U.S. Food Service's (Employer) Application for Supersedeas Fund Reimbursement (Application). The Bureau contends that it was an error to grant the Application because the Claimant and Employer entered into a Compromise and Release Agreement (C&R) fully resolving all past, present and future liability, as well as the issue of Claimant's disability and all litigation on the claim, prior to the WCJ's grant of

Employer's Termination Petition. Thus, the Bureau contends that the granting of the Termination Petition, which is required for Supersedeas Fund Reimbursement, was rendered moot by the express language of the C&R.[1] We agree and reverse the order of the Board.

Claimant was injured while in the course of his employment with Employer on August 30, 2001, for which Claimant received weekly compensation benefits. Employer filed a Termination Petition averring that Claimant had fully recovered as of January 7, 2003. Employer also requested supersedeas pending the litigation. On December 21, 2004, a WCJ denied Employer's request for supersedeas and approved Claimant's counsel fees at a hearing.

In support of the Termination Petition, Employer submitted the medical report of its expert, Dr. Michael Moncman, which reflected Dr. Moncman's opinion that Claimant had fully recovered from his work-related cervical strain as of January 7, 2003. In opposition to the Termination Petition, Claimant testified and submitted his own expert's medical report, which opined Claimant had not fully recovered.

While the Termination Petition was pending, Claimant and Employer entered into a C&R in which Employer paid Claimant a lump sum of $65,000.00 to "fully and completely satisfy employer/carrier's liability." (C&R ¶¶ 7, 10.) A WCJ (WCJ 1) circulated a decision and order on April 15, 2005, approving and granting the C&R. About two weeks later, on April 27, 2005, the same WCJ circulated a Decision and Order, which granted Employer's Termination Petition and found Employer had sustained its burden, through the credible

1. We note that the C&R was not part of the record originally submitted to this Court. Subsequently, this Court issued a per curiam order on July 12, 2007 directing the Board to certify a supplemental record to include the C&R and the WCJ's Decision approving the C&R. The Board complied with our order on July 20, 2007 and, thus, the contents of the C&R are properly before us for consideration.

testimony of Dr. Moncman, that Claimant had recovered from his injury. WCJ 1 ordered Claimant's benefits terminated, effective January 7, 2003. Pursuant to the grant of the Termination Petition, Employer then filed the Application requesting reimbursement from the Supersedeas Fund from the date it filed the Termination Petition, November 20, 2004, through April 27, 2005, the date on which WCJ 1 issued his decision granting the Termination Petition, which totaled $10,908.00.

A second WCJ (WCJ 2) circulated a decision and order on February 15, 2006 granting Employer's Application for reimbursement from the Supersedeas Fund. In support, WCJ 2 cited to *Optimax, Inc. v. Workers' Compensation Appeal Board (Yacono)*, 806 A.2d 994, 995, 998–99 (Pa. Cmwlth.2002), in which supersedeas reimbursement was permitted after the parties had entered a Stipulation of Fact that claimant had fully recovered. WCJ 2 explained that, in *Optimax*, the employer filed a termination petition and submitted medical evidence in support thereof. Thereafter, the parties entered into a Stipulation of Fact, agreeing that the claimant was fully recovered from the injury. Pursuant to the Stipulation of Fact, the WCJ issued a decision terminating the claimant's benefits and incorporated the Stipulation of Fact, in its entirety, as the WCJ's own findings of fact. The Court found that where parties submit medical expert reports prior to the parties entering into a Stipulation of Fact, the request for reimbursement from the Supersedeas Fund should not be denied since there would have been a basis for reimbursement from the Supersedeas Fund prior to the parties agreeing to the Stipulation of Fact. *Id.* at 998–99. In applying the rationale in *Optimax* to the facts here, WCJ 2 stated:

In the present case, counsel for Petitioner submitted the medical report of Dr. Michael Moncman in support of the Termination Petition before entering into a Stipulation pursuant to § 449 of the Workers' Compensation Act (Compromise and Release Agreement). In this case, the Workers' Compensation Judge considered the medical evidence submitted by the [Employer] as credible and issued a Decision finding that claimant's benefits should be terminated effective January 8, 2003. Therefore, [Employer] has met the requirements of § 443(a) of the Act to seek reimbursement from the Supersedeas Fund.

(WCJ Decision at 4, February 15, 2006.) Although, in his decision, WCJ 2 made no specific findings about the C&R, he did refer to the C&R in two Conclusions of Law:

1. The evidence presented in the underlying case established that the Judge's decision to terminate was supported and based on evidence and a Stipulation and a C&R did not change this.

2. The later Stipulation did not affect the basis for the Judge's decision.

(WCJ Decision, February 15, 2006, Conclusions of Law (COL) ¶¶ 1–2.) Accordingly, WCJ 2 granted the Application requesting Supersedeas Fund Reimbursement. Subsequently, the Bureau appealed to the Board, which affirmed WCJ 2's decision. The Board incorrectly indicates that the Decision and Order of WCJ 2 granting the Application "does not reference the Agreement that was approved prior to the subsequent Decision and Order that granted the Termination Petition." (Board Opinion at 4, September 27, 2006.) The Board went on to note:

However, the fact remains that the Termination Petition remained pending throughout the proceedings and was fully litigated, culminating in a Decision

and Order that granted the termination request. Although [the Bureau] argues that there was no specific language in the [C&R] that reserved for decision the pending termination litigation, the fact remains that this [Termination] Petition remained outstanding, and we can find no evidence of record that [Employer] had any intention to withdraw said Petition, even in light of the [C&R].

(Board Opinion at 4, September 27, 2006.) Accordingly, the Board affirmed WCJ 2's Decision and Order granting the Application. The Bureau now petitions this Court for review.[2]

On appeal, the Bureau argues that WCJ 2 erred in granting the Application because, prior to WCJ 1's decision granting Termination, the parties had executed a C&R which fully, and finally, resolved all past, present and future liability. Thus, it is the Bureau's contention that because the C&R was the final outcome, the Termination Petition should have been dismissed as moot, resulting in the denial of the Application.

■ The Workmen's Compensation Supersedeas Fund is a "special fund" created to reimburse an employer who has been ordered to pay workers' compensation benefits that are later determined not to be owed. Section 443 of the Workers' Compensation Act (Act),[3] 77 P.S. § 999(b). In enacting Section 443 of the Act, "[t]he Legislature [has] recognized that recoupment from the claimant was impractical and would undermine the benevolent purposes of the Act." *Rogers v. Workmen's Compensation Appeal Board (Strouse/Greenberg & Co.),* 129 Pa. Cmwlth.230, 565 A.2d 209, 211 (1989) (citations omitted). The Supersedeas Fund injects fairness into a system that requires an employer to pay disputed benefits while they are appealed.

■ Section 443 of the Act provides in pertinent part:

(a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and *upon the final outcome of the proceedings,* it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. Application for reimbursement shall be made to the department on forms prescribed by the department and furnished by the insurer. Applications may be assigned to a workmen's compensation referee for a hearing and determination of eligibility for reimbursement pursuant to this act. An appeal shall lie in the manner and on the grounds provided in section 423 of this act, from any allowance or disallowance of reimbursement under this section.

(b) There is hereby established a special fund in the State Treasury, separate and apart from all other public moneys or funds of this Commonwealth to be known as the Workmen's Compensation Supersedeas Fund. The purpose of this fund shall be to provide moneys for payments pursuant to subsection (a)....

*Werner v. Workmen's Compensation Appeal Board (Bernardi Bros., Inc.),* 102 Pa.Cmwlth. 463, 518 A.2d 892, 894 (1986).

---

2. This Court's scope of review of the Board's decision is "limited by Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, to determining whether constitutional rights have been violated, an error of law committed, or whether there is substantial evidence in the record to support the findings of fact."

3. Act of June 2, 1915, P.L. 736, added by section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 999.

77 P.S. § 999(a)-(b) (emphasis added). There are five requirements that an employer must meet before being entitled to reimbursement from the Supersedeas Fund:

1. A supersedeas must have been requested;

2. The request for supersedeas must have been denied;

3. The request must have been made in a proceeding under Section 413 of the Act;

4. Payments were continued because of the order denying supersedeas; and

5. *In the final outcome of the proceedings, 'it is determined that such compensation was not, in fact, payable.'*

*Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Insurance Company of North America),* 101 Pa.Cmwlth.552, 516 A.2d 1318, 1320 (1986) (footnote omitted) (emphasis added). Here, the fifth requirement is at issue: we must determine which was the final outcome of the proceeding—the decision granting the Termination Petition or the decision approving the C&R.

The Bureau argues that the language of the C&R plainly reveals that it resolved the issues of Claimant's disability and all litigation on Claimant's claim, such that any subsequent decision on the Termination Petition must be considered moot and improper for purposes of subsequent reimbursement from the Supersedeas Fund. The Bureau quotes selected clauses in the C&R, which state that the lump sum payment was to satisfy all past, present, and future liability for the work injury, and that the parties specifically contemplated ending all litigation stating that "[t]he parties wish to avoid the time and expense of additional litigation and the attendant risks of additional litigation to the parties." (C&R ¶ 15.) Relying on *Stroehmann Bakeries, Inc. v. Workers'*

*Compensation Appeal Board (Plouse),* 768 A.2d 1193 (Pa.Cmwlth.2001), the Bureau contends that, because the C&R was a full and complete settlement of the claim, the subsequent decision granting the Termination Petition is rendered moot. Thus, there was no final outcome determining that "compensation was not, in fact, payable" for purposes of Supersedeas Fund Reimbursement pursuant to Section 443(a) of the Act. 77 P.S. § 999(a). Additionally, the Bureau contends that awarding reimbursement under the circumstances would handicap the Supersedeas Fund because the Bureau was not a party to the C&R or the underlying proceedings, and had no way to protect the Supersedeas Fund's interest in those collateral proceedings. It would also run counter to the principle of finality of settlements and would encourage prolonged or additional litigation, as parties would seek improper relief from the Supersedeas Fund. Finally, the Bureau contends that the WCJ's treatment of this case as one involving a "stipulation" between the parties and relying on cases dealing with stipulations was both improper and unsupported by the evidence of record.

In opposition, Employer argues that it fully satisfied the criteria of Section 443 of the Act. In support of its position, Employer relies on *Optimax* and *Gallagher Bassett Services v. Workers' Compensation Appeal Board (Bureau of Workers' Compensation),* 756 A.2d 702 (Pa.Cmwlth. 2000). In those cases we concluded that granting the termination petition constituted a final outcome for purposes of Supersedeas Fund Reimbursement under Section 443(a) of the Act if the WCJ considered any evidence to support the termination prior to and independent of a stipulation by the parties that the claimant was fully recovered from the work injury. Employer argues that it submitted the ex-

pert medical opinion of Dr. Moncman, which supports the Termination Petition, prior to executing the CR. Employer contends that, because the underlying Termination Petition proceeding was adversarial and at arm's length, the Board was correct in affirming WCJ 2's decision granting the Application.

Section 449 of the Act permits the parties to enter into a "compromise and release ... of any and all liability" under the Act. 77 P.S. § 1000.5. This section requires the WCJ to consider the petition and proposed agreement in an open hearing and to render a decision. The WCJ shall not approve the C&R without determining that the claimant understands the full legal significance of the agreement. 77 P.S. § 1000.5. Once approved, a valid C&R is final, conclusive, and binding upon the parties. *Farner v. Workers' Compensation Appeal Board (Rockwell International)*, 869 A.2d 1075, 1078 (Pa.Cmwlth.2005). If some liability is not compromised and released, then that liability still exists, and the agreement only extinguishes liability where the person with the claim specifically agrees to relieve the entity of that liability. *Gingerich v. Workers' Compensation Appeal Board (U.S. Filter)*, 825 A.2d 788, 791 (Pa. Cmwlth.2003).

This Court has had the opportunity to review the effect of a C&R on Supersedeas Fund Reimbursement based on an order entered after a C&R was approved. In *Stroehmann*, cited by the Board, the terms of the CR provided a full and complete release of liability. There, the employer filed a termination petition alleging that the claimant had fully recovered from his injuries. A WCJ subsequently held hearings, but the parties entered into a CR in which the claimant accepted a lump sum payment in exchange for the release of all liability. *Stroehmann*, 768 A.2d at 1194.

Notwithstanding the WCJ's approval of the CR, the employer requested that the WCJ still issue an opinion and order on the termination petition based upon the medical evidence of record entered by the employer. *Id.* The WCJ dismissed the termination petition as moot, concluding that the CR resolved the issue of all wage loss and benefits arising out of the original injury. *Id.* at 1195. On appeal, the Board affirmed, noting that the employer should not be permitted to constructively amend the CR by attempting to continue the litigation settled by the CR agreement itself. *Id.* Upon the employer's petition to this Court for review of the Board's order in *Stroehmann*, we affirmed the Board's conclusion that the issue in the employer's termination petition—namely, claimant's alleged full recovery from his work-related injury—was the same issue settled in the parties' CR. *Id.* at 1196.

A different case arises, however, where the CR expressly contains a provision that a particular petition or issue shall remain open after the CR is executed and approved. In *Bethlehem Structural Products v. Workers' Compensation Appeal Board (Vernon)*, 789 A.2d 767 (Pa.Cmwlth. 2001), and *Coyne Textile v. Workers' Compensation Appeal Board (Voorhis)*, 840 A.2d 372 (Pa.Cmwlth.2003), the CR agreements did not release all liability. In Bethlehem, the CR contained an express provision that the employer would not withdraw the appeal regarding the correct calculation of the average weekly wage. *Id.* at 770. Further, the lump sum payment resolved only future liability. *Id.* Similarly, in *Coyne*, by the express terms of the CR, the termination and challenge petitions were to remain open and be adjudicated, and the reinstatement and review petitions were to be discontinued and withdrawn. *Id.* at 374. We, therefore, found that the CR did not render the issues in

the termination petition moot and, thereby, reversed and remanded.

■ Here, the CR contains very broad release language: "all ... past, present and future" benefits. (CR, Continuation 7.) It also states that the "parties wish to avoid ... additional litigation" and that "[Employer] wish[es] to extinguish all liability...." (CR 15.) Unlike in *Coyne* or *Bethlehem Structural Products,* the express terms of the CR do not provide that the Termination Petition remains open. Like in *Stroehmann,* where the employer argued that nowhere in the CR did it "surrender" its rights to pursue the termination petition, here, the Board agreed with a similar argument made by Employer. Here, the Board found that, although the C&R did not contain specific language reserving the right to continue litigation on the Termination Petition, the Termination Petition remained outstanding on the docket with no evidence showing that Employer intended to withdraw the Termination Petition, even in light of the C&R. (Board Opinion at 4, September 27, 2006.) However, we disagreed with the employer in *Stroehmann,* and found the parties intended to settle the issue of Claimant's full recovery from his work-related injury. Here, too, we believe that the parties intended to settle all outstanding issues because the C&R states that it fully resolved all *"past, present and future"* benefits. (CR, Continuation 7 (emphasis added).) This C&R broadly includes *all* outstanding litigation with such all-encompassing language. Employer, here, did not specifically reserve the right to continue litigation of the Termination Petition, which was filed prior to the execution of the C&R. Therefore, the C&R resolved all outstanding litigation, including the Termination Petition.

■ Employer's reliance on *Optimax* and *Gallagher* is misplaced. Those cases did not involve a C&R but, instead, dealt with a stipulation of facts. When a WCJ receives a stipulation of facts from the parties, the WCJ must determine whether the stipulation of facts is fair and equitable to the parties involved before basing a decision upon them. 34 Pa.Code § 131.91. The WCJ then uses the facts as agreed by the parties in making his own determination on the merits of the case. In contrast, the C&R is a settlement agreement between the parties of "any and all liability" under the Act, and judicial approval of the agreement is determined in a separate proceeding before a WCJ. 77 P.S. § 1000.5(a)-(b). In essence, the C&R, once approved by the WCJ, is the final decision in a workers' compensation case, whereas a stipulation of fact is the basis for the WCJ's determination. Thus, because a C&R is clearly different under the workers' compensation law, Employer's reliance on *Optimax* and *Gallagher* is inapplicable. The hallmark of a compromise and release is finality. As we said in *Stroehmann,* "we believe that the legislature intended that a CR should be on equal footing with civil settlements, which are based on a public policy that encourages settlements and stresses finality." 768 A.2d at 1196.

Thus, the C&R, as the final agreement between the parties, was the "final outcome of the proceedings" under Section 443 of the Act. It was, therefore, error for WCJ 1 to consider the Termination Petition as ripe for disposition, and error for WCJ 2 to grant the Application having been aware of the fact that the C&R was executed *prior* to the grant of the Termination Petition. (*See* WCJ Decision at 4, February 15, 2006; COL ¶¶ 1, 2.) Therefore, we reverse the order of the Board and hold that Employer is not permitted reimbursement from the Supersedeas Fund.

316

Accordingly, the order of the Board is reversed.

**ORDER**

**NOW,** August 22, 2007, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby **RE-VERSED.**