**PEP BOYS, INC., Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (YOUNG), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 10, 2003.
Decided March 12, 2003.

---

Zachary M. Rubinich, Philadelphia, for petitioner.

Martin C. Cunningham, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Travelers Insurance Company (Insurer), the workers' compensation carrier for Pep Boys, Inc. (Employer), petitions for review from the July 30, 2002 order of the Workers' Compensation Appeal Board (Board) reversing the May 26, 2000 order of Workers' Compensation Judge Thomas J. Hines (WCJ Hines). WCJ Hines' order granted a partial Supersedeas Fund (Fund) reimbursement to Insurer, which represented the difference between the amount Insurer requested from the Fund and the amount it had received in subrogation from Vance Young's (Claimant) third-party tortfeasor action.

The facts of this case are not in dispute. Claimant sustained an injury in the nature of a left hand laceration while employed as an installer with Employer on August 1, 1993. Employer accepted the injury by issuing a notice of compensation payable.

On January 18, 1994, Insurer filed a termination petition on behalf of Employer with a supersedeas request, alleging that Claimant had fully recovered from his work injury as of November 29, 1993. Workers' Compensation Judge Harry C. Shayhorn (WCJ Shayhorn) granted the request for supersedeas on October 25, 1994. By order dated November 3, 1997, WCJ Shayhorn granted the termination petition, thereby terminating Claimant's benefits as of November 29, 1993. This decision was not appealed.

In the interim, in November of 1996, Claimant settled a third-party tortfeasor action he had filed against Waste Management in connection with his work-related injury in the amount of $56,000.00. F.F. 3(c). To facilitate settlement of the third-party action, Insurer compromised its $32,520.30 workers' compensation lien for the sum of $16,250.15 and the parties signed a third-party settlement agreement. *Id.*

On December 31, 1998, after receiving notice of WCJ Shayhorn's November 3, 1997 decision granting the termination petition, Insurer filed an Application for Supersedeas Fund Reimbursement. Insurer sought reimbursement in the amount of $27,520.40, which represented accrued compensation and medical benefits it had paid on behalf of Employer after the date that it filed its January 1994 termination petition and supersedeas request. The Bureau of Workers' Compensation (Bureau) filed an Answer which denied the allegations contained in the Application and averred that Insurer was not entitled to reimbursement from the Fund because it had compromised its subrogation lien for full accord and satisfaction of the overpayments it had made pursuant to Claimant's work-related injury. Pursuant to Section 443(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 999(a) (relating to reimbursement from the Fund), the matter was assigned to WCJ Hines for a hearing and determination of eligibility.

By decision and order dated May 23, 2000, WCJ Hines concluded that Insurer met its burden of proving entitlement to partial reimbursement from the Fund in the amount of $11,260.25, which represent-ed the amount Insurer requested from the Fund ($27,520.40) less the amount it received by virtue of the subrogation agreement with Claimant in the third-party tortfeasor action ($16,260.15).

On the Bureau's appeal, the Board reversed the order of WCJ Hines, thereby denying Insurer's request for reimbursement from the Fund. Insurer timely filed an appeal from the Board's determination to this Court.

■ We must determine whether the Board erred in reversing the determination of WCJ Hines, which permitted Insurer to recoup from the Fund the amount it had lost through a compromise of its workers' compensation lien in settlement of Claimant's third-party tortfeasor claim.[1]

Section 443(a) of the Act provides in relevant part:

> If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 [Section 413 of the Act, 77 P.S. § 774] or section 430 [Section 430 of the Act, 77 P.S. § 971], payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

Insurer contends that the only relevant inquiry in addressing an application for reimbursement from the Fund is whether sufficient medical evidence was presented in the underlying workers' compensation proceeding to support the WCJ's decision to terminate benefits and whether the application for reimbursement *must* be granted where, as here, such evidence was

---

1. Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Deak v. Workmen's Compensation Appeal Board (USX Corp.),* 653 A.2d 52 (Pa.Cmwlth.1994).

presented, regardless of whether reimbursement from a subrogation fund is also available.

In support of its position, Insurer relies on *Optimax, Inc. v. Workers' Compensation Appeal Board (Yacono)*, 806 A.2d 994 (Pa.Cmwlth.2002) and *Gallagher Bassett Servs. v. Workers' Compensation Appeal Board (Bureau of Workers' Compensation)*, 756 A.2d 702 (Pa.Cmwlth.2000), *appeal denied*, 565 Pa. 653, 771 A.2d 1289 (2001), where we held that a WCJ's finding that compensation was not payable in the underlying termination proceeding constitutes a "final outcome" for purposes of supersedeas fund reimbursement under Section 443(a) of the Act if the WCJ considered any medical opinion entered into evidence to support such a finding, independent of relying on a stipulation made by the parties that the claimant was fully recovered from the work injury. Since neither *Optimax* nor *Gallagher Bassett* was decided in the context of the subrogation provisions of the Act, we find these cases to be inapplicable here.

Section 319 of the Act provides in pertinent part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe . . . against such third party to the extent of the compensation payable under this article by the employer. . . .

77 P.S. § 671.

▮▮ Pursuant to this statutory mandate, an insurer must seek subrogation for the full amount of compensation it is owed from the third-party tortfeasor responsible for the work injury. If, as here, the insurer voluntarily chooses to compromise the lien amount it is entitled to receive by way of statutory subrogation, it cannot then recoup the compromised amount through the Fund. *CNA Ins. Co. v. Workmen's Compensation Appeal Board (Romeo)*, 134 Pa.Cmwlth.478, 578 A.2d 1375 (1990) (an insurer that settled its workers' compensation lien for less than its actual value through subrogation from the claimant's recovery against a third-party tortfeasor was not entitled to supersedeas fund relief); *Commonwealth of Pennsylvania, Dep't of Labor & Industry v. Workmen's Compensation Appeal Board (Commercial Union Ins. Co.)*, 97 Pa.Cmwlth.520, 510 A.2d 373 (1986) (reimbursement for workers' compensation lien must come from subrogation fund under Section 319 of the Act, rather than from the supersedeas fund).

Although Insurer was entitled to receive the full amount of its workers' compensation lien from the proceeds of the third-party tortfeasor settlement pursuant to Section 319 of the Act, it chose to compromise that amount. The Fund may not be used to finance Insurer's compromise. *Romeo*. Accordingly, we affirm the decision of the Board that reversed the WCJ's order granting Insurer's Application for Supersedeas Fund Reimbursement.

### ORDER

AND NOW, this 12th day of March, 2003, the July 30, 2002 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.