**STATE WORKERS' INSURANCE FUND, Petitioner,**

v.

**WORKERS' COMPENSATION AP-PEAL BOARD (SHAUGHNES-SY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 10, 2003.

Decided Dec. 10, 2003.

Joseph F. Frattone, IV, Philadelphia, for petitioner.

Martin C. Cunningham, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, McGINLEY, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The State Workers' Insurance Fund (SWIF) appeals from a decision of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) denying SWIF's Application for Supersedeas Fund Reimbursement. We affirm the order of the Board for the reasons set forth below.

Edward Shaughnessy (Decedent), died as a result of work-related exposure to chemicals while working for Clearview Land Development Company (Employer). Decedent's widow, Helene Shaughnessy (Claimant) filed a Fatal Claim Petition and SWIF defended against the Fatal Claim Petition based on the fact that it was not Employer's insurance carrier at the time of Decedent's death. When Decedent died, Employer was apparently without insurance or self-insured. On November 4, 1988, a WCJ granted the Fatal Claim Petition and ordered Employer, through SWIF, to pay benefits to Claimant. SWIF appealed, and the Board remanded this case to the WCJ to determine whether Employer had workers' compensation coverage. However, the WCJ again granted the Fatal Claim Petition and determined that SWIF did not prove that it was not the insurance carrier. SWIF appealed, and the Board again remanded this case to the WCJ to determine whether Employer had worker's compensation coverage. On June 19, 1996, the parties entered into the following Stipulation of Facts which was submitted into evidence during hearings before the WCJ:

1. Claimant filed a Fatal Claim Petition alleging death resulting from an occupation disease. [Employer] filed an Answer thereto on March 20, 1994.

2. On October 22, 1988, Judge Fred J. Troilo issued an Order directing the Defendant, [SWIF], to pay death benefits from March 26, 1982 and continuing into the future at the rate of Two Hundred Thirteen Dollars ($213.00).

3. Defendant/Employer was also Ordered and Directed to pay Claimant's funeral benefits in the amount of One Thousand Five Hundred Dollars ($1,500.00).

4. Defendant/Employer was also Ordered and Directed to pay Claimant's litigation costs totaling One Thousand Eight Hundred Two Dollars and Eighty Eight Cents ($1,802.88).

5. Defendant/Employer by and through its insurance carrier, [SWIF], did in fact pay all benefits according to Judge Troilo's October 24, 1988 Order.

6. Judge Troilo's October 24, 1988 Order was appealed by SWIF. SWIF's appeal was sustained by the [Board] on or about August, 1992.

7. Once again, this matter was appealed by SWIF and once again on March 29, 1994, the [Board] sustained SWIF's [appeal]. The Board remanded this case to Judge Troilo [f]or further proceedings in accordance with the above-mentioned Order.

8. The parties agree that SWIF was *not* the workmen's compensation insurance carrier for Clearview Land Development Company, located at 58th and Buist Avenue, Darby, Pennsylvania 19023 on the date of Claimant's last exposure, March, 1978.

9. In light of the preceding paragraph, the parties agree that Claimant's Fatal Claim Petition should be denied.

10. The parties agreed that SWIF will not seek reimbursement of any compensation paid by SWIF pursuant to Judge Troilo's October 24, 1988 Order from either Brian P. Steiner, Esquire or from Mrs. Helen A. Shaughnessy, her heirs or assigns.

11. The parties agree that [SWIF] will reimburse Brian Steiner, Esquire, One Thousand ($1,0000 for his cost in [litigating] this matter.

(R.R. at 22a–24a). Also on June 19, 1996, the WCJ denied the Fatal Claim Petition pursuant to the Stipulation. Thereafter, on August 14, 1996, SWIF filed an Application for Supersedeas Fund Reimbursement (Application). The Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Workers' Compensation (Bureau) filed an Answer denying the allegations set forth in the Application. At the hearings before the WCJ, SWIF submitted into evidence an affidavit by Bruce Decker of the Pennsylvania Compensation Rating Bureau stating that his search of the Rating Bureau's files "fails to disclose that [Employer] was carrying Workmen's Compensation insurance under any name whatsoever after January 18, 1976 and including March 31, 1978." (Exhibit P–2). By decision and order dated April 7, 1998, the WCJ found that: "There has been no "adversary type determination" that compensation was not payable, only an agreement of the parties that the SWIF was not the Employer's workers' compensation carrier on claimant's last date of exposure." (Finding of Fact No. 8). Therefore, the WCJ concluded that SWIF did not meet the requirements for reimbursement from the Supersedeas Fund. Accordingly, the WCJ denied and dismissed SWIF's Application. SWIF appealed to the Board, which stated in its decision that: "This case has been remanded twice for the purpose of making a determination of whether [SWIF] had workers' compensation coverage ... Therefore, we will reverse the Decision of the WCJ and remand this case yet again to find out if the stipulation is factually sound. If [it is], *then SWIF's Reimbursement Application should be granted.* It would be a waste of judicial time to have an adversarial proceeding when facts are obvious." (Board's June 8, 2000 decision, p. 6; emphasis added).

■ On remand, however, the WCJ did not follow the Board's order. By decision and order dated February 25, 2002, the WCJ again denied SWIF's Application because there was not an adversary type or arms-length determination that compensation was not, in fact, payable. However, the WCJ also noted that reimbursement from the Supersedeas Fund is not appropriate when the insurer is entitled to subrogation. SWIF appealed to the Board and, although the WCJ did not follow the Board's prior order, the Board nevertheless affirmed the decision of the WCJ and stated that "[e]ven if the underlying decision on the [fatal] claim petition had been adversarial and not resolved by stipulation, the insurer's request for reimbursement

must be denied as their appropriate remedy in instances where an insurer makes payment when another is liable, is to seek subrogation from the culpable insurer. Here they did not ... There must logically be a party that was responsible for payment of the Claimant's compensation. Subrogation against that party is the Defendant Insurer's appropriate remedy." (Board's June 5, 2003 decision, pp. 4–5). SWIF's appeal to this Court followed.[1]

On appeal, SWIF argues that the Board erred by affirming the decision of the WCJ concluding that it is not entitled to relief from the Supersedeas Fund.

Section 443(a) of the Workers' Compensation Act (Act)[2] provides that:

> (a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. Application for reimbursement shall be made to the department on forms prescribed by the department and furnished by the insurer. Applications may be assigned to a workmen's compensation referee for a hearing and determination of eligibility for reimbursement pursuant to this act. An appeal shall lie in the manner and on the grounds provided in section 423 of this act, from any allowance or disallowance of reimbursement under this section.

77 P.S. § 999(a). Thus, in order to receive Reimbursement from the Supersedeas Fund, the insurer must show that: 1) Supersedeas has been requested, 2) Supersedeas has been denied, 3) the request must have been made under Section 413 of the Act, 4) payment of compensation is made as a result of the denial of Supersedeas and 5) upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable. Only after meeting these five requirements may the insurer who made the payments of compensation be reimbursed.

Initially, we note that reimbursement from the supersedeas fund has generally been denied when it is determined that compensation was not, in fact, payable when that determination is made by a stipulation of facts rather than an arm's length or adversarial type determination. *See Commonwealth of Pennsylvania, Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Insurance Company of North America)*, 101 Pa.Cmwlth.552, 516 A.2d 1318 (1986). This rule, however, is not absolute. The case of *Gallagher Bassett Services v. Workers' Compensation Appeal Board (Bureau of Workers' Compensation)*, 756 A.2d 702 (Pa.Cmwlth.2000), *petition for allowance of appeal denied*, 565 Pa. 653, 771 A.2d 1289 (2001), illustrates that resolving a case by stipulation does not automatically preclude an insurer from receiving reimbursement from the Supersedeas Fund. In *Gallagher*, the claimant's benefits were terminated pursuant to a stipulation. The insurance company filed an application for supersedeas fund for an overpayment. The WCJ denied reimbursement because

---

**1.** This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

**2.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 999(a).

the matter was resolved by stipulation rather than by an arms-length adversarial type determination. The Board affirmed on appeal. On appeal to this Court, we explained that:

> the Court allowed the insurer to recover reimbursement in *Insurance Company of North America* **to the extent that the evidence of record supported a true underlying decision on which the claim could be predicated.** Moreover, that result is dictated by common sense and sound public policy. The law favors the settlement of disputes, *Truck Terminal Motels of America, Inc. v. Berks County Board of Assessment Appeals,* 127 Pa.Cmwlth. 408, 561 A.2d 1305 (1989), and there exists a strong public policy to minimize needless litigation, *Darien Capital Management, Inc. v. Public School Employes' Retirement System,* 549 Pa. 1, 700 A.2d 395 (1997). A rule of law that bars recovery from the Supersedeas Fund whenever workers' compensation proceedings are resolved by a stipulation of parties would require insurers either to forfeit reimbursement or to needlessly litigate cases where the claimant concedes the merits of the underlying termination petition.

*Id.* at 705–706 (emphasis added). Accordingly, this Court remanded the case to the Board for a determination as to whether the record supported the termination of the claimant's benefits and that, if the record did support a termination, then the insurance company should be reimbursed for its overpayment.

█ In this case, there is evidence, in the form of the affidavit from Bruce Decker of the Pennsylvania Compensation Rating Bureau, to support that fact that SWIF was not Employer's insurer. Therefore, the mere fact that this case was resolved by a stipulation does not automatically bar SWIF from receiving reimburse-ment from the Supersedeas Fund. However-er, this does not necessarily entitle SWIF to reimbursement from the Supersedeas Fund, as we must first examine whether there is any other reason why reimbursement should not be allowed. Specifically, we must address the Bureau's argument that Supersedeas Fund reimbursement should not be allowed because SWIF is entitled to subrogation. In support of its decision, the Bureau cites *Pep Boys, Inc. v. Workers' Compensation Appeal Board (Young )*, 818 A.2d 601 (Pa.Cmwlth.2003), *petition for allowance of appeal denied,* —— Pa. ——, 830 A.2d 977 (2003). In *Pep Boys,* we noted that the *Gallagher* case is inapplicable when the insurer who is seeking reimbursement from the Super-sedeas Fund is entitled to subrogation. Section 319 of the Act, which is the provision that controls subrogation, sets forth that:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his

estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation.

Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

77 P.S. § 671. "The first paragraph is applicable only to those situations where a third party, unrelated to the employer, has been wholly or partially responsible for causing the work related injury." *Baierl Chevrolet v. Workmen's Compensation Appeal Board (Schubert)*, 149 Pa.Cmwlth. 367, 613 A.2d 132, 134 n. 3 (1992), *petition for allowance of appeal denied*, 533 Pa. 662, 625 A.2d 1195 (1992). "The second paragraph applies where an employer or insurance company has made payments for either disability or medical expense under some non-workmen's compensation program with subsequent determination that the payments were compensable under the Act." *Id.* at 134.

The Bureau contends that the "equitable subrogation" provision of Section 319 of the Act is applicable here and that, under this provision, SWIF should have sought recovery from Employer for the money it paid to Claimant. The Bureau argues that this is SWIF's sole remedy and, therefore, it is not entitled to recovery from the Supersedeas Fund. SWIF argues that Section 319 is inapplicable and that "[n]o-

where within the section is there relief for carriers, like SWIF, that have wrongfully been determined to have provided coverage when there is no corresponding litigation to establish a liable third party."

By its very language, the second paragraph of Section 319 only applies when, after payments have been made for an injury under a non-workers' compensation program, it is subsequently determined that payments were compensable under the Act. This is not what happened in this case. Rather, SWIF was found to be Employer's insurance carrier when it was not the insurance carrier because Employer had no insurance or was self-insured. Therefore, because subrogation under Section 319 does not apply to the factual situation in this case, this is not an appropriate reason to deny SWIF recovery from the Supersedeas Fund.

 Having determined that subrogation is not appropriate, we must determine what method of reimbursement for SWIF is appropriate. However, this is a unique situation for which this Court can find no precedent. SWIF was wrongfully told to pay Claimant benefits despite evidence that it was not the insurer. SWIF dutifully paid these benefits and now seeks to have this wrong corrected. Supersedeas Fund reimbursement is only appropriate, however, when it is "determined that such compensation was not, in fact, payable." Section 443(a). "[T]he purpose of the supersedeas fund is to provide a means to protect an insurer who makes compensation payments *to a claimant who ultimately is determined not to be entitled thereto.*" *Wausau Insurance Companies v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, 826 A.2d 21, 27 (Pa.Cmwlth.2003) (emphasis added). That is not what happened in this case. Rather, it was determined, by Stipulation, that SWIF should not have paid compen-

sation to Claimant, not that Claimant should never have received any compensation. As such, reimbursement from the Supersedeas Fund is not appropriate. Rather, we believe that the appropriate remedy is for SWIF to file a Review Petition, seek to have Employer joined by filing a Joinder Petition and ask a WCJ to hold *Employer* responsible for the payment of Claimant's compensation benefits and correct the wrong that was started with the first WCJ.[3] Since SWIF has already paid Claimant's benefits, the WCJ could order Employer to reimburse SWIF, thus putting SWIF back into the same financial position it would have been had the first WCJ not wrongfully ordered it to pay benefits.

Although the Board erred by holding that SWIF should seek subrogation, the Board nevertheless correctly held that Supersedeas Fund reimbursement is not proper in this case. Accordingly, the order of the Board is affirmed.[4]

*ORDER*

AND NOW, December 10, 2003, the order of the Workers' Compensation Appeal Board docketed at A02–0716 and dated June 5, 2003 is hereby AFFIRMED for the reasons set forth in the foregoing opinion.

---

3. Section 413 of the Act provides that:
 A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.
 77 P.S. § 771.

4. This Court may affirm the order of a lower court if the result reached is correct without regard to the grounds relied upon by that court. *Moorhead v. Crozer Chester Medical Center*, 564 Pa. 156, 765 A.2d 786, 787 (2001).