**CITY OF WILKES–BARRE, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SPAIDE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 8, 2004.
Decided Dec. 22, 2004.
Publication Ordered Feb. 18, 2005.

Donald T. Rogers, Wilkes–Barre, for petitioner.

Andrea E. Dean, Asst. Counsel, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

The City of Wilkes–Barre (Employer) petitions for review from the May 25, 2004 order of the Workers' Compensation Appeal Board (Board) that reversed the order of the Workers' Compensation Judge (WCJ) granting Employer's petition for supersedeas fund reimbursement and ordering the Department of Labor and In-

dustry, Bureau of Workers' Compensation (Bureau), to reimburse Employer $22,459.52 in overpayments made by Employer to William Spaide (Claimant). We affirm.

Claimant sustained a compensable injury on November 19, 1996. Employer issued a notice of temporary compensation payable (NTCP) to Claimant awarding him compensation rate at the rate of $418.61 per week. Because Employer did not revoke the NTCP within the prescribed time, the NTCP was converted to a notice of compensation payable (NCP).

On February 28, 2000, Employer filed a petition to review compensation benefit offset for monthly pension benefits Claimant was receiving since his retirement in January 2000. By order of May 16, 2002, WCJ Thomas Kutz issued an order granting Employer a credit against Claimant's compensation benefits in the amount of $1,279.79 per month, effective December 1, 2000. Citing Section 204(a) of the Workers' Compensation Act (Act),[1] WCJ Kutz concluded that Employer was entitled to a credit for pension benefits paid to Claimant to the extent that it funded such benefits. No appeal was taken from that order.[2]

Thereafter, on June 14, 2002, Employer filed an application for supersedeas fund reimbursement requesting reimbursement of overpayments of compensation paid to Claimant from December 1, 2000 to May 16, 2002 in the amount of $22,459.52. The Bureau denied Employer's request and the

---

1. Act of June 2, 1915, P.L. 735, *as amended,* 77 P.S. § 71(a). Section 204(a) provides in relevant part that

    [t]he severance benefits paid by the employer directly liable for the payment of compensation and the benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation which are received by an employe shall

also be credited against the amount of the award....

2. WCJ Kutz noted in his order granting Employer's petition that Employer was not entitled to an offset for the pension benefits contributed by Claimant, which equaled 11 months of pension benefits. Thus, Employer's credit was effective December 2000.

matter was thereafter assigned to WCJ Charles Clark.

WCJ Clark determined that Employer had met all the procedural requirements for reimbursement pursuant to Section 443(a) of the Act, 77 P.S. § 999(a).[3] The Bureau appealed to the Board, which reversed WCJ Clark's order. Employer now appeals to this Court.[4]

■ Section 443(a) provides the criteria by which reimbursement from the supersedeas fund is to be sought. The party seeking reimbursement must show that (a) a request for supersedeas was made in a proceeding under Section 413[5] or 430[6] of the Act, (b) the ·request was denied, (c) payment of compensation continued due to the denial of the supersedeas request and (4), a determination was made in the final outcome that the compensation was not, in fact, payable. Section 443(a) of the Act, 77 P.S. § 999; *Exel.*

In *Exel,* we addressed the employer's argument that it was entitled to reimbursement from the supersedeas fund pursuant to Section 413 of the Act where it was successful in a forfeiture proceeding under Section 306(f.1)(8) of the Act, 77 P.S. § 531(8). Rejecting the employer's claim, we stated that

> [s]ections 413 and 430 of the Act both involve the obligation of an employer to pay benefits when an employer is attempting to modify benefits or a claimant is awarded benefits. Under Section 413 of the Act, the filing of a petition to terminate, suspend or modify a [NCP],

compensation agreement or award may operate as a request for a supersedeas to suspend the payment of compensation fixed in the agreement · or award, depending on whether the petition alleges the claimant has fully recovered.... In any other case, the petition does not automatically operate as a supersedeas but may be designated as a request for a supersedeas which is granted at the discretion of the WCJ. While Section 413 deals with what occurs when an employer files a petition to modify compensation already being paid, Section 430 of the Act deals with an adverse ruling to the employer after the WCJ or the Board awards benefits. In such a situation, the filing of an appeal from a WCJ's or Board's decision granting benefits does not lift the "lien of judgment" or operate as a supersedeas. Instead, the employer must file a petition for supersedeas and must continue paying benefits pursuant to the WCJ's decision until such time that a request for a supersedeas is granted.

Taken together, Section 413 and 430 of the Act provide the necessary mechanism by which an employer may seek a supersedeas from paying benefits it is required to pay either pursuant to a [NCP], compensation agreement or claim petition at the time that it files a termination, suspension or modification petition before the WCJ, or pursuant to an. adverse decision by the WCJ or Board while it appeals that decision to the Board or this Court. Consequently

---

3. Added by the Act of February 8, 1972, P.L. 25.

4. Our review is limited to determining whether constitutional rights were violated, whether errors of law were made, or whether the necessary findings of fact are supported by substantial evidence. *Department of Labor & Industry, Bureau of Workers'·Compensation v. Workers' Compensation Appeal Board (Exel*

*Logistics),* 827 A.2d 529 (Pa.Cmwlth.2003), *appeal granted,* 577 Pa. 703, 847 A.2d 59 (2004).

5. Section 413 of .the Act, 77 P.S. §§ 771–774.3

6. Section 430 of the Act, 77 P.S. § 971.

then, because Section 443 of the Act only provides for reimbursement from the supersedeas fund where a request for supersedeas has been denied under the provisions of Section 413 or Section 430, such reimbursement is permitted only in cases involving a claimant's eligibility to receive workers' compensation benefits.

827 A.2d at 532.

■ We recognized in *Exel* that although Section 306(f.1)(8) provides a specific remedy against a claimant who refuses reasonable medical treatment, it does not provide for supersedeas fund reimbursement. Like Section 306(f.1)(8), Section 204(a), applicable here, provides a specific remedy in those cases where the claimant is receiving both pension benefits funded by the employer and workers' compensation benefits. It does not provide for supersedeas fund reimbursement. *See also Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Lukens Steel Co.)*, 105 Pa.Cmwlth.421, 524 A.2d 1041 (1987).

Employer contends that because it filed a petition to review compensation utilizing Bureau Form LIBC–378, which specifically allows Employer to seek a credit for pension benefits, its request for supersedeas was necessarily filed pursuant to Section 413(a)(2) of the Act, 77 P.S. § 774(2).[7] (Exhibit 1) Employer further argues that its credit was based on a change in Claimant's status, *i.e.*, his receipt of pension benefits.

We disagree. In essence, Employer's position is elevating form over substance. A review of Bureau Form LIBC–378 reveals that a party may utilize LIBC–378 to seek relief under other provisions of the Act in addition to relief sought under Section 413. Form LIBC–378 may be used to seek approval by the WCJ of a compromise and release; however, the WCJ's authority to approve a compromise and release is found in Section 449 of the Act, 77 P.S. § 1000.5.[8] Similarly, an employer's right to a credit against compensation paid is not authorized by Section 413; it is found in Section 204(a) of the Act.[9]

If we adopted Employer's position, it essentially would be allowing Employer a double recovery because Employer's workers' compensation obligation is reduced on a monthly basis due to the pension offset. If Employer were now to receive reimbursement from the supersedeas fund, it would be recovering monies for which it is and has been receiving a credit against its workers' compensation obligation since December 2000.

---

7. Section 413(a)(2) provides in part:
   In any other case, a petition to terminate, suspend or modify a compensation agreement or other payment arrangement or award as provided in this section shall not automatically operate as a supersedeas but may be designated as a request for a supersedeas, which may then be granted at the discretion of the [WCJ] hearing the case. A supersedeas shall serve to suspend the payment of compensation in whole or to such extent as the facts alleged in the petition would, if proved, require. The [WCJ] hearing the case shall rule on the request for a supersedeas as soon as possible and may approve the request if proof of a change in medical status, or proof of any other fact which would serve to modify or terminate payment of compensation is submitted with the petition.

8. Added by the Act of June 24, 1996, P.L. 350.

9. Although not dispositive of the issue, we note that the Bureau's regulations, 34 Pa. Code §§ 123.4–123.11, provide the mechanisms by which an employer may offset workers' compensation benefits. Employer did not avail itself of the Bureau's procedures. It chose, rather, to file a petition to review on February 28, 2000.

■ Finally, the "purpose of the supersedeas fund is to provide a means to protect an insurer who makes compensation payments *to a claimant who ultimately is determined not to be entitled thereto.*" *State Workers' Ins. Fund v. Workers' Compensation Appeal Board (Shaughnessy)*, 837 A.2d 697, 702 (Pa.Cmwlth.2003), *appeal granted,* —— Pa. ——, 860 A.2d 491 (2004) (quoting *Wausau Ins. Companies v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, 826 A.2d 21, 27 (Pa.Cmwlth.)), *appeal denied,* 575 Pa. 694, 835 A.2d 711 (2003). In this case, there is no determination that Claimant should never have received any compensation. Absent the pension offset, Claimant would continue to receive his weekly compensation benefits. As the Board aptly noted, the amount of workers' compensation benefits to which Claimant is entitled remains unchanged inasmuch as Employer has not sought to modify, suspend or terminate its obligation under the Act. Consequently, reimbursement from the fund is inappropriate.

Accordingly, we affirm.

### ORDER

AND NOW, this 22nd day of December, 2004, the May 25, 2004 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.