2 A.3d 790 (2010)
COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR & INDUSTRY, BUREAU OF WORKERS' COMPENSATION, Petitioner
v.
WORKERS' COMPENSATION APPEAL BOARD (OLD REPUBLIC INSURANCE CO.), Respondent.
No. 1762 C.D. 2009.
Commonwealth Court of Pennsylvania.
Submitted on Briefs April 23, 2010.
Decided July 28, 2010.
Deborah J. Schwartz, Asst. Counsel and Thomas J. Kuzma, Deputy Chief Counsel, Harrisburg, for petitioner.
Erin Courtney Thompson, Paoli, for respondent.
*791 BEFORE: LEADBETTER, President Judge, BROBSON, Judge, and FLAHERTY, Senior Judge.
OPINION BY Senior Judge FLAHERTY.
The Department of Labor and Industry, Bureau of Workers' Compensation (Bureau) appeals from the decision of the Workers' Compensation Appeal Board (Board) affirming the order of the Workers' Compensation Judge (WCJ) granting an application for supersedeas fund reimbursement filed by the Delaware County IU and its insurer, Old Republic Insurance Company (collectively, Insurer), to recover the amount expended on attorney's fees and costs related to third-party litigation. For the reasons that follow, we affirm.
Janette Brandon (Claimant) sustained a work-related injury and began receiving benefits pursuant to a Notice of Compensation Payable. Insurer filed a Termination Petition on December 2, 2005 alleging that Claimant had fully recovered from her work injuries as of September 23, 2005 and was capable of returning to unrestricted work. Insurer also requested supersedeas. Insurer's request for supersedeas was denied on December 28, 2005. The Employer's Termination Petition was granted on January 3, 2007 whereupon Claimant's benefits were terminated as of September 23, 2005.
In the meantime, Claimant obtained a third-party settlement for her work injury of $175,000.00. Employer had an accrued lien of $68,849.36. The Employer's pro rata share of the cost of recovery in the third party settlement was $29,520.30. Consequently, Employer received a check in the amount of $39,329.06 for the amount of its net lien.
Insurer filed an application for supersedeas fund reimbursement with the Bureau seeking reimbursement for the indemnity benefits and medical expenses paid from the date its supersedeas request was denied through the date of the WCJ's final order. The Bureau denied the application concluding that Insurer already received full satisfaction of its lien upon payment from the third-party settlement.
On appeal, the WCJ concluded that Employer was entitled to supersedeas reimbursement in the amount of $9,686.61. The WCJ noted that the total amount of indemnity and medical payments paid to Claimant following the denial of supersedeas was $22,271.91. She noted that this amount represented 32% of the total benefits paid to Claimant during the lifetime of her claim.[1] Therefore, she concluded that 32% of the net subrogation lien payment is attributable to the compensation paid during the eligible period of December 2, 2005 through January 3, 2007, i.e., $12,585.30.[2] Finally, the WCJ concluded that this amount should be deducted from the total amount paid during the eligible period of reimbursement to get the net amount Insurer is eligible to recover from the Supersedeas Fund; i.e., $9,686.61.[3] The Board affirmed. This appeal followed.[4]
The Bureau argues on appeal that reimbursement is not warranted in this instance. It contends that only compensation *792 payments paid after the denial of supersedeas are subject to reimbursement. The Bureau asserts that Insurer is not attempting to recover compensation in this matter, but rather its portion of costs in obtaining the third party recovery.
At the heart of the Bureau's argument is the interplay between Section 443(a) of the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 999(a), and Section 319 of the Act, 77 P.S. § 671. Section 443(a) of the Act provides as follows:
If, in any case in which a supersedeas has been requested and denied under the provisions of Sec. 413 or Sec. 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact payable, the insurer who has made such payments shall be reimbursed therefor....[[5]]
77 P.S. § 999(a). (Emphasis added).
Section 319 of the Act provides, in pertinent part:
Where the compensable injury is caused... by... a third party, the employer shall be subrogated to the right of the employe... against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe.... The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement ...
77 P.S. § 671. (Emphasis added).
The purpose of the Supersedeas Fund is to provide a means to protect an employer who makes compensation payments to an employee who ultimately is determined not to have been entitled to those payments. City of Wilkes-Barre v. Workers' Compensation Appeal Board (Spaide), 868 A.2d 620 (Pa.Cmwlth.2004). In interpreting Section 443(a) of the Act, this Court has found that in order to obtain reimbursement from the supersedeas fund, it must establish that (1) a supersedeas was requested; (2) the request for supersedeas was denied; (3) the request was made in a proceeding under Section 413, 77 P.S. § 771, or 430 of the Act, 77 P.S. 971; (4) payments were continued because of the order denying the supersedeas; and (5) in the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable. Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Consolidated Freightways, Inc.), 876 A.2d 1069 (Pa.Cmwlth.2005).
Subrogation is an equitable remedy that prevents double recovery and ensures that the party at fault, rather than an innocent party, be held responsible for a claimed injury. Thompson v. Workers' Compensation Appeal Board (USF&G Co.), 566 Pa. 420, 781 A.2d 1146 (2001). An employer has an absolute right to immediate payment of its past due lien from the recovery fund after payment of attorney's fees and expenses. Mrkich v. Workers' Compensation Appeal Board (Allegheny County Children and Youth Serv.), 801 A.2d 668 (Pa.Cmwlth.2002).
*793 This Court recently faced the identical issue of whether recovery fees incurred pursuant to Section 319 as a result of a third-party settlement are compensation as defined by Section 443(a) and recoverable from the supersedeas fund. In Department of Labor and Industry v. Workers' Compensation Appeal Board (Excelsior Ins.), 987 A.2d 855 (Pa.Cmwlth.2010), which is controlling in this case, we held that recovery fees are compensation under Section 443(a) of the Act. We stated, "[w]e discern no clear indication from Section 319 that an insurer is required, in the context of Supersedeas Fund reimbursement, to assume the costs of recovering a third party settlement for periods in which there has been a determination that compensation was not, in fact, payable." Id. at 862. This Court further explained "[a]lthough the amounts for which insurer is seeking reimbursement correlate to what is designated as recovery costs when the subrogation calculations were made under Section 319, as the Board correctly stated, Section 319 does not `convert[ ] the compensation paid for [wage loss] and medical benefits into something else for the purposes of Section 443(a) ...'" Id. at 863. (Emphasis in original). The payments in Excelsior Ins. were deemed payments of "compensation" for purposes of Section 443 of the Act and reimbursement was found appropriate.
Here, just as in Excelsior Ins., Insurer incurred recovery fees pursuant to Section 319 due to a third-party recovery by Claimant. A portion of those recovery fees in the sum of $9,686.61 represent the amount Insurer paid to Claimant following the denial of its supersedeas request on December 28, 2005 that, ultimately, were found not to be payable. Because the amount was not payable and because recovery fees are compensation under Section 443(a) of the Act, the Supersedeas Fund is required to reimburse Insurer in the amount of $9,686.61.[6]
We detect no error in the Board's August 12, 2009 Opinion. Consequently, its order is affirmed.

ORDER
AND NOW, this 28th day of July, 2010, the order of the Workers' Compensation Appeal Board in the above-captioned matter is AFFIRMED.
NOTES
[1] $22,271.91 / $68,849.36 = 32%.
[2] $39,329.06 × .32 = $12,585.30.
[3] $22,271.91 - $12,585.30 = $9,686.61.
[4] This Court's review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. Sysco Food Services of Philadelphia v. Workers' Compensation Appeal Board (Sebastiano), 940 A.2d 1270 (Pa.Cmwlth.2008).
[5] Under Section 413 of the Act, 77 P.S. § 771, the WCJ has the discretion as to whether or not to grant supersedeas in certain circumstances. Department of Labor and Indus. v. Workers' Compensation Appeal Board (Exel Logistics), 827 A.2d 529 (Pa.Cmwlth.2003). That is the applicable provision here.
[6] The Bureau attempts to distinguish this case from Excelsior Ins. because, here, the Insurer's obligations to Claimant had been terminated, while in Excelsior Ins., the insurer had remaining obligations to the claimant. This distinction misses the point. The issue is not about whether or not Insurer has continued future obligations to Claimant but whether Insurer is to be reimbursed by the supersedeas fund for past payments it made to Claimant that were later determined to be not payable. Without reimbursement by the Supersedeas Fund for the portion of the recovery fees attributable to those past, not payable, payments, Insurer would remain partially uncompensated.

The Bureau also quotes Mrkich for the proposition that an "employer is considered to have been paid, in satisfaction of its lien, both the cash it actually received and the proportionate share of costs it constructively paid." Mrkich, 801 A.2d at 674. That case, however, only deals with Section 319 of the Act and does not deal with the interplay between Section 443 of the Act and Section 319 of the Act.