**GMS MINE REPAIR & MAINTENANCE, INC. and Chartis Claims, Inc., Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WAY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 26, 2011.

Decided Oct. 7, 2011.

J. Eric Barchiesi, Pittsburgh, for petitioners.

Thomas P. Howell, Assistant Counsel, Pittsburgh, for respondent.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

GMS Mine Repair & Maintenance, Inc. (GMS) and Chartis Claims, Inc.[1] (collectively, Employer) petition for review of the December 22, 2010, order of the Workers' Compensation Appeal Board (WCAB) affirming the March 12, 2010, decision of a workers' compensation judge (WCJ) that Employer is not entitled to Supersedeas Fund reimbursement for workers' compensation payments that it made to Elmer Way (Claimant).[2] We affirm.

---

**1.** The record reflects that GMS's original insurer in this litigation was AIG Claim Services, Inc. GMS does not state in its brief to this court when it became insured by Chartis Claims, Inc., and neither GMS nor the Commonwealth mentions the change in insurer.

**2.** We explained in *Kiebler v. Workers' Compensation Appeal Board (Specialty Tire of Amer-*

On December 1, 2004, Claimant filed a claim petition that alleged that he developed occupational diseases beginning on August 23, 2004, while working for GMS. (WCJ's Findings of Fact, No. 1.) On February 24, 2005, GMS filed a petition for joinder of additional defendants, alleging that R & R Mining, Inc. (R & R), Canterbury Coal Company, Tunnelton Mining Company and Pelesmitco Mining "may have caused" Claimant's diseases. (WCJ's Findings of Fact, No. 2.) On September 22, 2006, the WCJ[3] granted the claim petition against GMS only, on the ground that GMS "never" filed an answer to the claim petition. (WCJ's Findings of Fact, No. 3.) On October 11, 2006, GMS appealed this decision to the WCAB, further requesting a supersedeas. (WCJ's Findings of Fact, No. 4.) The WCAB denied the supersedeas request. (WCJ's Findings of Fact, No. 5.)

Thereafter, on December 21, 2007, the WCAB circulated a decision reversing the WCJ's determination that, because GMS filed a late answer, GMS should be deemed the liable employer. The WCAB held that, instead, R & R was the liable employer. (WCJ's Findings of Fact, No. 6.) GMS filed an application for Supersedeas Fund reimbursement, seeking both indemnity and medical benefits, on September 11, 2009. (WCJ's Findings of Fact, No. 7.) The Commonwealth filed an answer denying the allegations of the petition, specifically averring that the overpayments were not the result of a final determination that benefits "were not payable." (WCJ's Findings of Fact, No. 8.) On March 12, 2010, the WCJ denied GMS's supersedeas request and held that its cause of action was with R & R. On further appeal, the WCAB affirmed, determining that GMS's "remedy is to seek reimbursement from the entity and/or its carrier that was ultimately determined to be the correct employer." (WCAB's Op., 12/22/10, at 4.) Employer's petition for review to this court followed.

■ On appeal, Employer first argues that it has fulfilled the prerequisites of Section 443 of the Workers' Compensation Act (Act),[4] 77 P.S. § 999, and is therefore entitled to recovery from the Supersedeas Fund.[5] In support of its argument, Em-

---

ica), 738 A.2d 510, 512 n. 4 (Pa.Cmwlth. 1999), that "[t]he Supersedeas Fund is a fund from which payments can be recouped by employers/insurers who pay compensation to claimants after it is subsequently determined that the claimants are not entitled to be paid those compensation benefits."

**3.** The record reflects that WCJ Francis J. DeSimone granted Claimant's claim petition by decision dated September 22, 2006. However, WCJ Irving Bloom issued the March 12, 2010, decision on which the WCAB based its December 22, 2010, decision currently on appeal to this court.

**4.** Act of June 2, 1915, P.L. 736, *as amended*. Section 443(a), added by section 3 of the Act of February 8, 1972, P.L. 25, provides in pertinent part:

(a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 [of the Act, 77 P.S. §§ 771–774.3] or section 430 [of the Act, 77

P.S. § 971], payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor....

77 P.S. § 999(a).

**5.** The five requirements that must be met before an employer or insurer may obtain reimbursement from the Supersedeas Fund are as follows:

1. A supersedeas must have been requested; 2. The request for supersedeas must have been denied; 3. The request must have been made in a proceeding under Section 413 [of the Act, 77 P.S. §§ 771–774.3] or Section 430 of the Act[, 77 P.S. § 971]; 4. Payments were continued because of the order denying supersedeas; and **5. In the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable.**

ployer cites *Boeing Company v. Workers' Compensation Appeal Board (Horan)* (emphasis omitted), 977 A.2d 92, 103 (Pa. Cmwlth.2009) (quoting *State Workers' Insurance Fund v. Workers' Compensation Appeal Board (Shaughnessy)*, 837 A.2d 697, 702 (Pa.Cmwlth.2003), *aff'd*, 583 Pa. 60, 874 A.2d 1158 (2005)), *appeal denied*, 605 Pa. 702, 990 A.2d 731 (2010), for the proposition that "the purpose of the Supersedeas Fund is 'to protect an insurer who makes compensation payments to a claimant who ultimately is determined not to be entitled' to those payments." In particular, Employer asserts that, because the WCAB determined in its initial review decision that R & R, rather than GMS, was the employer liable to Claimant for his workers' compensation benefits, Claimant was not entitled to "those payments" that he received from GMS as that compensation was not, in fact, payable. This argument lacks merit.

Contrary to Employer's assertion, the WCAB did not determine finally that compensation was not payable to Claimant; rather, it determined finally that GMS was not the liable employer. Despite Employer's attempt to merge these concepts, they are not identical. On this point, *Shaughnessy*, wherein the parties stipulated that the State Workers' Insurance Fund (SWIF) was not the workers' compensation carrier for a decedent at the time of his last chemical exposure, is instructive. We stated in *Shaughnessy*:

> SWIF was wrongfully told to pay Claimant [the decedent's widow] benefits despite evidence that it was not the insurer. SWIF dutifully paid these benefits and now seeks to have this wrong corrected. Supersedeas Fund reimbursement is only appropriate, however, when

it is "determined that such compensation was not, in fact, payable." Section 443(a). "The purpose of the supersedeas fund is to provide a means to protect an insurer who makes compensation payments *to a claimant who ultimately is determined not to be entitled thereto.*" That is not what happened in this case. Rather, it was determined, by Stipulation, that SWIF should not have paid compensation to Claimant, not that Claimant should never have received any compensation. As such, reimbursement from the Supersedeas Fund is not appropriate.

*Shaughnessy*, 837 A.2d at 702–03 (internal citation omitted). This Court further explained that, "[s]ince SWIF has already paid Claimant's benefits, the WCJ could order Employer to reimburse SWIF, thus putting SWIF back into the same financial position it would have been [in] had the first WCJ not wrongfully ordered it to pay benefits." *Id.* at 703.

Likewise, in this case, Employer's remedy is to pursue subrogation against the responsible party under Section 319 of the Act, 77 P.S. § 671. This section provides:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer....

Although Employer next argues that this remedy is insufficient because R & R is no longer in business and, in any event, it did not carry workers' compensation insurance

*Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Consolidated Freightways, Inc.)*, 876 A.2d 1069, 1071–72 (Pa.Cmwlth.2005) (footnotes omitted; emphasis added).

during the period of Claimant's employment, these assertions are immaterial where the law is clear that "[t]he Supersedeas Fund ... does not assume financial responsibility for injury caused by a third party." *Kidd–Parker v. Workers' Compensation Appeal Board (Philadelphia School District)*, 907 A.2d 33, 41 (Pa. Cmwlth.2006).

Employer's last argument, which is that principles of equity demand its recovery from the Supersedeas Fund under the unique factual circumstances of this case, also fails. First, Employer did not raise this issue before the WCAB on appeal from the WCJ's March 12, 2010, decision. "[A]n issue is waived unless it is preserved at every stage of the proceeding." *Wheeler v. Workers' Compensation Appeal Board (Reading Hospital and Medical Center)*, 829 A.2d 730, 734 (Pa.Cmwlth. 2003). Second, Employer cites no case law that would lend support to this assertion, and we have uncovered none.[6]

Accordingly, we affirm.

### ORDER

AND NOW, this 7th day of October, 2011, the order of the Workers' Compensation Appeal Board, dated December 22, 2010, is hereby affirmed.

---

[6]. We stated in *Insurance Company of North America v. Workmen's Compensation Appeal Board (Kline and Packard Press)*, 137 Pa. Cmwlth. 393, 586 A.2d 500, 501 (1991), aff'd, 533 Pa. 112, 619 A.2d 1356 (1993), that

"[s]ubrogation has always been an equitable principle; the [Supersedeas] [F]und, a creature of statute, cannot claim such historical underpinnings."