# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Volpe Tile and Marble, Inc., : 
                Petitioner : 
                                  : 
         v. :   No.  118 C.D. 2017
                                  :   SUBMITTED:  July 7, 2017
Workers' Compensation Appeal : 
Board (Redelheim), : 
                Respondent : 


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION BY**
**SENIOR JUDGE LEADBETTER**              **FILED:  September 29, 2017**

Employer, Volpe Tile and Marble, Inc., petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of Workers' Compensation Judge (WCJ) Ignasiak denying the application for supersedeas fund reimbursement filed by Nationwide Insurance Company (Nationwide) pursuant to Section 443(a) of the Workers' Compensation Act (Act),[1] which outlines the circumstances under which recovery may be made from the Fund:

> (a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and *upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable*, the insurer who has made such

---

[1] Act of June 2, 1915, P.L. 736, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 999(a).

payments shall be reimbursed therefor. [Emphasis added.]

On appeal, we consider whether it was determined in the final outcome of the proceedings that compensation was payable such that Employer did not satisfy the final criterion for reimbursement from the Fund. We affirm.

In July 2006, Claimant, Josh Redelheim, sustained a work injury when Nationwide served as Employer's carrier. He received benefits, but they subsequently were suspended via a supplemental agreement when he returned to work for Employer. Thereafter, Claimant filed a reinstatement petition alleging that he was injured at work in December 2007 and seeking to reinstate benefits for his July 2006 work injury. Employer and Nationwide filed a joinder petition against Liberty Mutual Insurance Company (Liberty Mutual), alleging that Claimant sustained a new injury in December 2007 when Liberty Mutual served as Employer's carrier. March 4, 2015, Decision of WCJ Ignasiak, Finding of Fact (F.F.) No. 1. In October 2010, WCJ Harris granted Claimant's reinstatement petition, concluding that he sustained a recurrence of his July 2006 injury and awarding ongoing disability benefits against Nationwide effective December 20, 2007. *Id.*, F.F. No. 2. Employer and Nationwide appealed to the Board and filed an application for supersedeas. In November 2010, the Board denied the application.

During the pendency of that appeal, Claimant entered into compromise and release (C&R) agreements with both Nationwide and Liberty Mutual. In July 2012, WCJ Krass approved both agreements. *Id.*, F.F. No. 3. In the Nationwide C&R, the parties resolved any and all claims for future indemnity benefits, medical benefits, and specific loss benefits starting June 25, 2012, and extending into the future in exchange for Nationwide's payment of $50,000.00. In

2

addition, those parties acknowledged: (1) the pending appeal from WCJ Harris's October 2010 decision; and (2) their agreement that the Board would enter a decision on the merits of that appeal thereby determining Claimant's entitlement to the payment of indemnity and medical benefits for the time period of July 5, 2006, to June 24, 2012. July 19, 2012, Decision of WCJ Krass, Nationwide C&R; Reproduced Record (R.R.) at 83a.

In the Liberty Mutual C&R, Claimant and Liberty Mutual settled and ended his entitlement to indemnity, medical, and specific loss benefits for any injuries that he sustained during his employment with Employer while Liberty Mutual served as the carrier. In pertinent part, the Liberty Mutual C&R provided: "The sum of $50,000.00 represents payment of all future indemnity claims for the work related injuries of December 20, 2007." July 19, 2012, Decision of WCJ Krass, Liberty Mutual C&R; R.R. at 67a.

In December 2012, the Board reversed the WCJ's decision granting Claimant's reinstatement petition against Nationwide and remanded the matter to the WCJ to determine his average weekly wage and compensation rate for a December 2007 aggravation or new injury for which Liberty Mutual was determined to be the responsible carrier. March 4, 2015, Decision of WCJ Ignasiak, F.F. No. 4. On remand, WCJ Krass dismissed as moot Claimant's reinstatement petition against Employer and Nationwide based on the Nationwide C&R and the Board's decision. In addition, she dismissed as moot the joinder petition against Liberty Mutual, filed by Employer and Nationwide, based on the Liberty Mutual C&R. In so doing, WCJ Krass concluded:

> 3. Although the [Board] reversed the finding that the Claimant sustained a recurrence of the July 5, 2006 work injury on December 20, 2007 and found that [he] sustained a new injury on December 20, 2007 during the

3

> insurance coverage period of Liberty Mutual . . . this [WCJ] must dismiss the Remanded Petitions as Liberty Mutual . . . and Nationwide . . . entered into [C&R] Agreements precluding any further liability for the injury of December 20, 2007, which was approved by this [WCJ] . . . on July 19, 2012.

July 29, 2013, Decision of WCJ Krass, Conclusion of Law No. 3; R.R. at 94-95a. No appeal was taken from WCJ Krass's decision.

Subsequently, Nationwide filed the application for supersedeas fund reimbursement at issue, which WCJ Ignasiak denied in March 2015. The Board affirmed, concluding that all of the statutory criteria for supersedeas fund reimbursement were not met because "it was determined here that Nationwide should not have paid compensation to Claimant, not that [he] should never have received compensation." Board's January 6, 2017, Decision at 7. The Board reasoned that it did not determine in its December 2012 decision that compensation was not payable to Claimant, but that Liberty Mutual was the responsible insurer. In other words: "The fact that Claimant and Liberty Mutual entered into a C&R to settle the payment of benefits by Liberty Mutual does not change the final determination that Claimant was entitled to compensation for his injury, but that compensation was not payable by Nationwide." *Id.* at 6. Employer's petition for review to this Court followed.

Asserting that there are no potential payers remaining, Employer argues that it proved that benefits were "not payable" under Section 443(a) of the Act because: (1) WCJ Krass determined that the Liberty Mutual C&R completely extinguished liability for that carrier and that the benefits Nationwide paid were not payable by Liberty Mutual; and (2) the Board concluded that compensation benefits were not payable by Nationwide. Accordingly, Employer argues that the benefits that it paid to Claimant as a result of the Board's November 2010 denial of

4

supersedeas were "not payable" as contemplated in Section 443(a) of the Act and that, therefore, it is entitled to reimbursement from the Fund. Employer's position is without merit.

In establishing the Fund in the Commonwealth's Treasury, the General Assembly legislated reimbursement, under specified circumstances, to an employer who was ordered to pay workers' compensation benefits that were subsequently determined not to be owed. *H.A. Harper Sons, Inc. v. Workers' Comp. Appeal Bd. (Sweigart & BWC Legal Div.)*, 84 A.3d 363, 366 (Pa. Cmwlth. 2014). Mindful that recoupment from a claimant would be impractical and undermine the benevolent purpose of the Act, we observed that "[t]he Fund injects fairness into a system that requires an employer to pay a disputed award of benefits after the award is appealed." *Id*. Recovery from the Fund is intended to protect employers or insurers that make compensation payments that are later, by virtue of administrative or judicial action, determined not to be required. *Bureau of Workers' Comp. v. Workmen's Comp. Appeal Bd. (Allstate Ins. Co.)*, 508 A.2d 388, 390 (Pa. Cmwlth. 1986). In other words, the Fund provides "a means to protect an insurer who makes compensation payments to a claimant who ultimately is determined not to be entitled thereto." *Id*.

In the present case, the adversarial appeal process culminated in a final determination on the merits that Claimant sustained an aggravation or new injury in December 2007 and that, accordingly, compensation was payable to him for that injury. The ultimate identity of the liable carrier and the fact that Claimant entered into a C&R with that carrier are independent of the final determination regarding the payability of compensation to Claimant. This analysis is consistent with the pertinent case law.

5

In *GMS Mine Repair & Maintenance, Inc. v. Workers' Compensation Appeal Board (Way)*, 29 A.3d 1193 (Pa. Cmwlth. 2011), the claimant filed a claim petition against GMS, which joined additional defendants asserting that they may have caused the claimant's occupational diseases. The claim petition was granted and GMS paid the claimant benefits. Ultimately, another mining company, which was no longer in business and uninsured during the claimant's tenure, was determined to be the liable employer. We held that GMS was not entitled to reimbursement from the Fund because the Board "did not determine finally that compensation was not payable to [the claimant]; rather, it determined finally that GMS was not the liable employer." *Id*. at 1196. We rejected GMS's attempt to merge the concepts of the payability of compensation with the identity of the liable employer. In so doing, we observed that the sufficiency of the remedy against the party responsible for the claimant's benefits was immaterial in that the Fund "does not assume financial responsibility for injury caused by a third party." *Id*. at 1197 [quoting *Kidd-Parker v. Workers' Comp. Appeal Bd. (Phila. Sch. Dist.)*, 907 A.2d 33, 41 (Pa. Cmwlth. 2006)].

In *State Workers' Insurance Fund v. Workers' Compensation Appeal Board (Shaughnessy)*, 837 A.2d 697, 700 (Pa. Cmwlth. 2003), *aff'd*, 874 A.2d 1158 (Pa. 2005), a widow filed a fatal claim petition and the State Workers' Insurance Fund (SWIF) defended against it based on the fact that it was not the employer's insurer at the time of the decedent's death. During the course of the proceedings, SWIF was wrongfully told to pay the claimant benefits despite evidence that it was not the insurer. After SWIF paid those benefits and sought reimbursement from the Fund, we held that reimbursement was not appropriate because "it was determined, by Stipulation, that SWIF should not have paid

compensation to Claimant, not that Claimant should never have received any compensation." *Id*. at 702-03.

What can be garnered from these cases is that, even though the Fund was developed to protect employers or insurers that make compensation payments that are later, by virtue of administrative or judicial action, determined not to be required or owed, reimbursement is warranted only under *prescribed* circumstances. *Sweigart*, 84 A.3d at 366. The present appeal pertained to whether the applicant for supersedeas fund reimbursement met the criterion that compensation was not payable to Claimant. Resolution of this issue did not hinge upon which carrier was responsible for the payment of compensation or whether the liable carrier had entered into a C&R. We will not bypass the plain language of Section 443(a) of the Act and rule contrary to the law providing for reimbursement only if specific criteria are satisfied. In summary, Employer cannot circumvent a final determination concluding that compensation is payable to Claimant.

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Volpe Tile and Marble, Inc.,                :
                  Petitioner                :
                              :
        v.                :    No.  118 C.D. 2017
                              :
Workers' Compensation Appeal        :
Board (Redelheim),                :
              Respondent                :

# **O R D E R**

AND NOW, this 29th day of September, 2017, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

 

 

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge
